### BROADIS v. BROADIS et al.

(Circuit Court, N. D. California. April 4, 1898.)

No. 12,033.

1. FEDERAL COURTS—JURISDICTION.

Where a suit between citizens of the same state has been brought in a federal court, by collusion or otherwise, on the ground of defendant's alienage, and a default decree entered, such proceedings are wholly without jurisdiction and void, and injunction will lie against the execution of the decree.

2. SAME—SUPPLEMENTARY SUIT.

A suit to restrain a decree entered in another equity suit in the same court may be sustained in a federal court, although all parties are citizens of the same state, as it is not an original suit, but purely ancillary and supplementary to the previous one; especially where the United States marshal is a party defendant. The court has inherent jurisdiction over its own process, to prevent abuse.

3. CITIZENSHIP—MARRIAGE TO CITIZEN—NATURALIZATION OF NEGROES.

Section 1994, Rev. St. U. S., providing that "any woman who is now or hereafter may be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen," applies to women of African blood since the act of July 14, 1870, extending the naturalization laws to persons of African birth or descent.

4. EQUITY—JURISDICTION—RETAINING FOR COMPLETE RELIEF.

 While a court of equity, having taken jurisdiction of a case for one purpose, will, in general, retain it for all purposes, so as to do complete justice, still, where it has obtained jurisdiction only to pass upon the validity of a decree of foreclosure, it cannot go further, and pass upon the validity of the mortgages themselves, and of the title sought to be conveyed thereby.

 Bart Burk and Reddy, Campbell & Metson, for complainant.
 Moses G. Cobb, for defendant Peter Dorcy.

 MORROW, Circuit Judge. This is a bill in equity, brought by the complainant against Ellen Maria Broadis, his wife, Peter Dorcy, and Barry Baldwin, United States marshal for the Northern district of California, to enjoin the latter, as United States marshal, from selling certain real estate alleged to belong to the complainant as a homestead, and which the United States marshal was directed to sell by the order of this court, made and entered in the case of Peter Dorcy against Ellen Maria Broadis, No. 11,939, which order of sale was made by virtue of a certain decree of foreclosure of two certain mortgages held by Peter Dorcy from Ellen Maria Broadis, and covering the land claimed by the complainant in the present suit as a homestead. The suit is also brought to have declared null and void the judgment and decree of foreclosure referred to, and the order of sale issued thereunder, and also to have declared null and void a certain deed executed by said complainant to Ellen Maria Broadis, covering the land in question, and the two mortgages executed by Ellen Maria Broadis to Peter Dorcy, under which mortgages the decree of foreclosure in the case referred to was obtained by said Peter Dorcy against said Ellen Maria Broadis. The real estate covered by the homestead, deed, and mortgages respectively is situated in the county of Santa Cruz, state of California, and is fully described in the bill in this case. The suit may be said to be, in effect, one to vacate the judgment and decree of this court, rendered in the previous suit of Peter Dorcy against Ellen Maria Broadis, on the ground of collusion and fraud practiced on this court, and that the court had no power to take jurisdiction of that case on the ground that both parties were citizens of the state of California. The alleged collusion and fraud is alleged in the present bill to consist in the fact that it was averred falsely in the bill in that case that the defendant Ellen Maria Broadis was an alien and a subject of the queen of Great Britain and Ireland, whereas in truth and in fact she was a citizen of the United States and of the state of California. The present complainant was not made a party to the suit of Peter Dorcy against Ellen Maria Broadis. Although it appears that Ellen Maria Broadis was served with the process of subpœna in the present suit, she failed to appear, and the case is contested by Peter Dorcy alone. A preliminary injunction was granted to the complainant, restraining the United States marshal from selling the real estate under the decree of foreclosure rendered in the case referred to. Testimony has been taken on both sides, and the case will now be disposed of finally.

 It appears that the complainant, James Broadis, is a citizen of the United States and of the state of California, and has been a

resident of this state since 1849; that he is a negro, having at one time been a slave; that Ellen Maria Broadis, the sole defendant in the case of Peter Dorcy against Ellen Maria Broadis, and one of the defendants made by the bill in the present suit, is his wife; that she is a woman of African descent; that he was married to her some time in 1861; that they have remained during all this time husband and wife, although it appears in evidence that she left him some time in 1889, and has not since returned to him; that on the 29th of December, 1877, the complainant was the owner in fee of certain pieces of real estate described in the bill, situated in the county of Santa Cruz, state of California, the same being the land covered by the deed and the two mortgages to be hereafter referred to; that on February 25, 1880, he made, executed, and filed for record in the recorder's office of the county of Santa Cruz a declaration of homestead upon the said lands; that the same was recorded on March 1, 1880, and that the said homestead, or the declaration thereof, has never been canceled, annulled, set aside, or abandoned, but still remains in full force and effect, and has been since said time, and now is, occupied and used by the complainant and his minor child and children as a homestead; that subsequently, on February 14, 1888, while being sick, infirm, and ignorant, and not being able to read or write, and confiding greatly in his wife, said Ellen Maria Broadis, he was induced by her to sign and acknowledge a deed of gift to her of the real estate described in the bill, and covered by said homestead declaration; that he never delivered the same to her, but left it in her possession until such time as he should request her to record the same; that the deed was made conditionally, pending his illness, and was to be recorded only in the event of his death, to save expense; that thereafter Ellen Maria Broadis left complainant's home, and came to San Francisco, and that she declined to return to complainant's home or to live with him; that subsequently, and without the consent or direction of the complainant, and in violation of the understanding and agreement had between them in respect to the delivery and recording of the deed, she filed and recorded said deed; that she borrowed considerable money, amounting in the aggregate to $3,300, from one Peter Dorcy, a resident of San Francisco, and that, as security for said loans, she gave her two promissory notes therefor and two separate mortgages on the real estate covered by said homestead; that said mortgages were duly acknowledged, executed, filed, and recorded; that, failing to pay the amount of said notes and interest, said Peter Dorcy brought suit in this court against Ellen Maria Broadis to foreclose both of said mortgages; that the ground upon which the jurisdiction of this court in that case was invoked was because it was alleged that Ellen Maria Broadis was an alien, and a subject of the queen of Great Britain and Ireland; that said Ellen Maria Broadis was duly served with the process of subpœna issued in the said suit, but that she failed to appear, and judgment pro confesso was taken against her; that a decree foreclosing the two mortgages referred to, and directing a sale of the property, was duly made and entered; that a copy of the decree and

order of sale was delivered by the defendant Peter Dorcy to Barry Baldwin, the United States marshal, and said Baldwin, in accordance with the terms of the said decree, duly advertised said property for sale, at public auction. Thereupon the complainant brought the present suit to enjoin and prevent the sale of the property, to set aside, vacate, and annul the decree of foreclosure rendered in that case, and to have the deed and the two mortgages declared void.

It is objected, in the first place, to the consideration of the case, that this court has no jurisdiction of the suit, as all the parties are citizens of the state of California. If it were an original suit, this objection to the jurisdiction would be valid. But it is clearly not an original suit. It is a suit auxiliary and ancillary to the previous suit in this court of Peter Dorcy against Ellen Maria Broadis. It is a bill filed on the equity side of the court, to restrain a decree in another equity suit in the same court, and thereby prevent an injustice. It is therefore supplementary merely to the original suit out of which it has arisen, and can be maintained without reference to the citizenship or residence of the parties. Besides, it is brought against the United States marshal, an officer of the court, to enjoin him from executing the order of this court rendered in the case of Peter Dorcy against Ellen Maria Broadis. The case of Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, is conclusive on the questions of the ancillary nature of a suit, such as that instituted in the case at bar, and of the inherent jurisdiction of the court over its own process to prevent abuse, oppression, and injustice. See, further, Freeman v. Howe, 24 How. 450; Pacific R. Co. of Missouri v. Missouri Pac. Ry. Co., 111 U. S. 505, 522, 4 Sup. Ct. 583; Jones v. Andrews, 10 Wall. 327, 333; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; McDonald v. Seligman, 81 Fed. 753, and cases there cited.

The next question is whether or not Ellen Maria Broadis was, at the time she was sued by Peter Dorcy in the case referred to, a citizen of the United States and of the state of California. If she was, it is manifest that the circuit court would be incompetent to take jurisdiction, and that its proceedings in that case were wholly null and void. This is the abuse of the process of this court, which the present bill is brought to correct and prevent. As it was averred in the bill filed in that case that she was an alien, and she failed to appear, though served with process, the court took jurisdiction of the case, upon the assumption that she was an alien. The averment of the bill in this respect was not true. That she was a citizen of the United States and of this state, at the time Peter Dorcy brought suit in this court against her, is conclusively established by the fact that she was married to James Broadis, who was a citizen of the United States, and of the state of California. It is true that there is some testimony tending to show that she was born in Canada. This is, however, contradicted by the complainant, who testified that she told him that she was born in Maine. However that may be, and assuming, for the purposes of the case, that she was born in Canada, still she was a citizen of the United States and of this state by virtue of the fact that she was married to a citizen of the United States and of this state.

In other words, the political status of her husband was impressed on her. Section 1994 of the Revised Statutes of the United States provides that "any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen." This doctrine was further settled by judicial construction in the case of Kelly v. Owen, 7 Wall. 496. It is true that that case was limited, in its effect, to white women, and did not apply to women of African descent. In the case at bar, as previously stated, both the complainant and his wife are persons of African descent. But the decision was rendered previous to the act of July 14, 1870 (16 Stat. 256), which extended the naturalization laws to aliens of African nativity and to persons of African descent. Since the extension of the naturalization laws to persons of African descent, the reasoning of the decision is equally applicable to negro women. Upon the general proposition, see Kane v. McCarthy, 63 N. C. 299; Burton v. Burton, *40 N. Y. 359; Webst. Citizenship, pp. 295–300. It therefore conclusively appears that Ellen Maria Broadis was, at the time of the suit against her by Peter Dorcy, the wife of the complainant, and a citizen of the United States and of this state, and that she was not an alien, and could not be sued as such in the circuit court of the United States in this state. This court was therefore misled and imposed upon in that case, when it took jurisdiction on the ground of the alienage of the defendant Ellen Maria Broadis. It does not appear from the evidence that there was any actual collusion and fraud practiced upon the court. It seems that the complainant acted upon the advice of counsel in bringing his suit in this court, and in setting up the alienage of the defendant. But it is immaterial how the court was imposed upon, whether purposely and willfully, or through inadvertence and mistake. Suffice it to say that it now affirmatively appears in this case that the court took jurisdiction of that case when it had no power to do so. The court, therefore, never had valid jurisdiction of the case, and its proceedings were and are wholly null and void. It follows that a decree must be entered in this case, perpetually enjoining the United States marshal from selling the property foreclosed under the judgment and decree rendered in that case, and that said judgment and decree be set aside, vacated, and annulled.

It is further contended, on the part of the complainant, that the court, having done this, should proceed with the merits of the controversy, and declare void the deed and mortgages referred to. It is claimed that this court, having taken jurisdiction of a case for one purpose, will take jurisdiction for all purposes, and do full and complete justice; citing 1 Pom. Eq. Jur. (2d Ed.) §§ 181, 231–242, and the cases there cited. But I am of the opinion that this court has not the power to pass upon the validity of the deed and mortgages. Its jurisdiction is confined to passing upon the validity of the judgment and decree rendered in the previous suit of Peter Dorcy against Ellen Maria Broadis. A decree will be entered in accordance with this opinion, with costs in favor of the complainant.