EVERETT v. INDEPENDENT SCHOOL DIST. OF ROCK RAPIDS et al.

(Circuit Court, N. D. Iowa, W. D. June 4, 1900.)

1. EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW—SUIT ON MUNICIPAL BONDS.

Where a municipal corporation has issued bonds in excess of the constitutional limit, a holder of such bonds may maintain a suit in equity to determine the portion of the debt which is valid and enforceable, and to have such amount apportioned between the different bondholders.

2. LIMITATIONS.

Limitation against such suit does not commence to run until the maturity of the bonds.

3. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—PARTIES TO CROSS BILLS.

When a federal court has jurisdiction of a suit on the facts alleged in the bill, both as to the subject-matter and the parties, it may take jurisdiction of all ancillary or cross bills without regard to the citizenship of the adversary parties to the dependent bills.

In Equity. On demurrers to bill and cross bill.

E. S. Huston and E. Y. Greenleaf, for complainant.
E. C. Roach and J. M. Parson, for defendants.

SHIRAS, District Judge. In the bill filed in this case it is averred that in December, 1879, the independent school district of Rock Rapids, for the purpose of refunding bonds of the district then about to mature, and to fund outstanding judgments against the district, issued its coupon bonds to the amount of $27,500, payable on the 15th day of December, 1889, which were sold for the full face value thereof to different parties, the complainant purchasing $13,500 thereof; that the school district refuses to pay the bonds, although it had received the purchase price thereof, on the ground that in the issuance thereof the district had exceeded the constitutional limit of 5 per cent. upon the taxable property of the district; and that the aid of a court of equity is needed in order to ascertain what part or portion of the entire issue of bonds is not within the inhibition of the limitation upon municipal indebtedness contained in the constitution of the state of Iowa, and to properly apportion the amount recoverable on the bonds among the several owners of the same, and also to apportion the amount to be paid among the several school districts that have been created, since the issuance of the bonds, out of the territory then included in the independent school district of Rock Rapids. The bill was duly filed, and service of the subpoena was had before the expiration of 10 years from the date of the maturity of the bonds. To this bill the independent school district of Rock Rapids, the several school districts created since the issuance of the bonds, and the present holders of the bonds other than those belonging to complainant are made defendants.

The demurrer to the bill is based upon the averments that the remedy at law is adequate, and therefore the court of equity is without jurisdiction, and that the remedy sought is barred by the statute of limitations. The questions thus presented are the same as those involved in the case of Ætna Life Ins. Co. v. Lyon Co. (C. C.) 82 Fed. 929, and 95 Fed. 325, wherein it was held that a bill of equity could be

maintained in cases of this character, and that against the remedy in equity the statute of limitations did not begin to run until the maturity of the bonds sued on. I see no reason for changing the views expressed in that case, and I therefore hold that the demurrer to the bill is not well taken, and must be overruled. In the present case the defendant bondholders have joined in a cross bill against the several school districts, setting forth the number and amount of the bonds severally owned by them, and asking that their rights under the same be ascertained and decreed both as against the school districts and as among themselves as bondholders. A demurrer to the cross bill presents the same questions as those arising on the demurrer to the, original bill, and, for the reasons just stated, these are not deemed to be well taken.

An additional ground of demurrer is relied on, in that it appears that one of the complainants in the cross bill, William L. Bradley, he being a defendant to the original bill, is a citizen of Iowa, of which state the school districts are corporate citizens, and that therefore the court is without jurisdiction to determine the controversy between these parties, they being citizens of the same state. The jurisdiction in the suit is determined by the case made on the original bill, and where jurisdiction exists upon the facts, both as to subject-matter and diverse citizenship of the parties upon which the original bill is based, the court can then take jurisdiction over all ancillary or cross bills that may be properly filed, without regard to the citizenship of the adversary parties in the dependent bills. Schenck v. Peay, Woolw. 175. Fed. Cas. No. 12,450; Freeman v. Howe, 24 How. 450, 460, 16 L. Ed. 749; Carey v. Railway Co., 161 U. S. 115, 16 Sup. Ct. 537, 40 L. Ed. 638. Demurrer to cross bill is therefore also overruled.