ROCHESTER GERMAN INS. CO. OF ROCHESTER, N. Y., v.
SCHMIDT et al.

(Circuit Court, D. South Carolina. January 5, 1904.)

No. 731.

1. INSURANCE—VALUED POLICIES—STATUTES—NONCOMPLIANCE.

Where, in a suit to restrain the prosecution of suits on certain policies, the bill alleged that the value of the property insured was not agreed on at the time of issuing the insurance, as authorized by Code S. C. § 1816, and such averment was admitted by a demurrer to the bill, such section had no application to the controversy.

2. SAME—SEVERAL INSURERS—PRO RATA LIABILITY—FEDERAL COURTS—RE-
MOVAL—INJUNCTION.

Where several insurers were only pro rata liable for loss, if liable at all, and several suits in the state courts had been brought against them, to which the same defenses were interposed, and some of the suits were removed to the federal courts,' but others could not be removed because of the insufficiency of the amount in controversy, prosecution of the suits at law both in the federal and state courts might be enjoined by a bill in the federal court to have the liabilities of the various insurers determined and adjusted by the federal court, as a court of equity, under such bill.

3. SAME—ANCILLARY BILL—JURISDICTION.

Where several insurers were liable, if at all, proportionately to the amount the insurance of each bore to the amount of the loss, and suits against some of them had been removed to the federal court, and the same defenses had been interposed on behalf of all, a bill in the federal court to restrain the suits at law and to adjust the liability of the various insurers was an ancillary, and not an original, bill; and hence the jurisdiction of the federal court did not depend on the citizenship of the parties or the amount involved.

---

¶ 2. Federal courts enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575.

¶ 3. Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.

**4. SAME.**

> Where several policies of insurance were assigned after loss, and the assignee brought separate suits in the state court against all of the insurers, who were all citizens of states other than that in which the assignee resided, and some of the suits were removed to the federal court, but others were not removable, by reason of the insufficiency of the amount involved, whereupon one of the insurers filed a bill to restrain the suits at law, and to compel an adjustment of the liability of the various insurers in equity, the controversy alleged in such bill was between the various insurance companies and the assignee of the policies; and hence the bill was maintainable as an original bill, under Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], giving the United States Circuit Court jurisdiction of a controversy between citizens of different states.

In Equity.

John T. Seibels and Thomas & Gibbes, for complainants.
D. W. Robinson, for defendant Nora Martin Schmidt.

SIMONTON, Circuit Judge. This case comes up on the bill of complaint and a demurrer thereto. The bill is filed by the Rochester German Insurance Company of Rochester, N. Y., against Nora Martin Schmidt, the Palatine Insurance Company, Limited, of London, England, a foreign corporation, the Palatine Insurance Company of Hartford, Conn., a Connecticut corporation, the Agricultural Insurance Company of Watertown, N. Y., a New York corporation, and Abraham L. Tallman, a citizen of New York. It was stated at the bar that Tallman had been settled with. The bill, after alleging the jurisdictional facts, to wit, that it involves a controversy between citizens of different states, in an amount exceeding $2,000, besides interest and costs, proceeds:

That the complainant on 14th May, 1902, issued its policy of insurance against fire to one Frederick Schmidt in an amount not exceeding $3,500. That on the same day the other insurance companies each issued a policy of insurance to the same Schmidt, each policy being in words and figures similar to that issued by complainant, except as to the name of the insurer, number, and amount, as follows:

| | |
|---|---:|
| The Palatine Insurance Company | $3,500 |
| The Phœnix Insurance Company | 1,000 |
| The Agricultural Insurance Company | 1,100 |

Each of these policies insured the said Schmidt from losses by fire from 14th May, 1902, to the same day in May, 1903, in an amount not exceeding the several amounts aforesaid; each covering their pro rata the items stated in each policy, to wit:

| | |
|---|---:|
| On a brick building | $1,350 |
| On machinery and implements | 5,850 |
| On boilers and engines | 750 |
| On stock of ammonia | 75 |
| On stock of salt | 75 |
| In all | $8,100 |

That Schmidt represented himself as sole owner of the property, when in fact he was owner only of an undivided one-third interest

¶ 4. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

therein. That he represented the property insured to be worth $8,100, whereas in fact it was not worth more than one-half that amount. That no fixed valuation was agreed upon between the insurers and insured, but that the former relied wholly on Schmidt's representations, which have proved false. That, by the terms of each of the policies aforesaid, such false representations avoided policy. Beside this, the property insured was a manufacturing establishment, which had ceased to be operated for 10 consecutive days; and this, under the terms of each policy, avoided the same. That on 30th December, 1902, this property was damaged and partially destroyed by fire. That Schmidt filed his proofs of loss, which were informal, inaccurate, and false, repeating the false representations above stated, and falsely claiming a total loss of property valued by him at $11,661.49, making no allowance for salvage; claiming therefor three-fourths of the loss, as provided in one of the conditions in each policy. That, at the time the policies were issued and the misrepresentations were made, the complainant and the other insurers were ignorant of their falsity, and, as soon as the proofs of loss were filed, each of them served him with written notice that the policies were void, and that each denied any liability thereon, tendering at the same time the entire amount of premiums paid on each policy, with interest thereon from time of payment. That having ascertained that Frederick Schmidt had assigned these policies to his wife, Nora Martin Schmidt, a defendant herein, they at once served her with said notices, and made the same tender to her. That on 17th July, 1903, Nora Martin Schmidt began separate suits on each of said policies in the court of common pleas for Richland county, S. C., in amounts severally the same as in the proofs of loss, the complaints in each case being of precisely the same tenor, and differing only in the name of the defendant company and the amount claimed, and that each defendant filed its separate answer, denying all liability under the policy sued on. That two of these cases —that of the complainant and that of the Palatine Insurance Company —were duly removed into the Circuit Court of the United States for this district, but the other two cases, to wit, one against the Phœnix Insurance Company, and the other against the Agricultural Insurance Company, were not removed, because the amount claimed was below the jurisdiction of the federal court. "That, by the terms of each of the insurance policies issued by your orator and the other said insurers, it is provided that no company shall be liable under its policy for a greater proportion of any loss on the above-described property, or for loss by and expense of removal from premises endangered by fire, than the amount insured by such policy shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property. Your orator therefore shows, if it and the other insurance companies are liable at all to said Nora Martin Schmidt under said policies, which, however, your orator, for the reasons hereinabove set forth, does not admit, but denies, that each is liable for the proportion only of said loss, to wit, as the amount of the policy of each insurer bears to the total insurance. That in order to do justice between said companies, and to carry out the provisions of said contract, it is necessary that the amount of loss, if any, on each item,

should be ascertained; that the amount of insurance maintained should be ascertained; that the per cent. that such insurance bears to the value of the property should be ascertained and fixed; and that, if the court should hold that your orator and the other insurance companies are liable at all, the loss should be apportioned between each of said insurers in accordance with the terms and stipulations of their contracts, as hereinbefore set forth. That, by virtue of said contract of insurance, each insurer is interested in the liability of the other. That, if these several matters are to be ascertained in four different suits at law by different juries through different trials, in one case one set of values might be fixed; in another, another set of values might be fixed; and, in this way one insurance company might be called upon to pay its proportion in one case upon a different ratio than might be fixed in each of the other cases of the other insurers, so that, instead of the insurers, if liable at all, paying in accordance with their covenants, they would pay in accordance with the discordant findings of separate juries in separate trials, and in separate tribunals and jurisdictions." That there is presented a case for the ascertainment whether any liability exists, and, if so, the extent of it, and then for making a common apportionment, and determining the contribution each of the insurers should bear to the common loss. The bill then avers that, by reason of the pending of the actions at law, this bill is necessary to do exact justice therein, and so is ancillary and auxiliary to the said suits at law; that, in order to fulfill this purpose, it is necessary to bring all the insurers into this court, inasmuch as their rights and interests are involved therein. The bill then prays an injunction directed to Nora Martin Schmidt, enjoining her from prosecuting the suits at law. That said policies be declared void by reason of the false representations aforesaid and other breaches of the conditions of the policies. "That, if your orator and the insurance companies defendants herein, or any of them, shall be held to be liable in any amount to Nora Martin Schmidt, that the liability be decreed to be one calling for a contribution and apportionment on the part of each company so liable in the proportion that the insurance which it may have upon the property, whether valid or not, and that an accounting may be had to ascertain what the actual value of the property destroyed or damaged by fire may be, and the amount, if any, for which your orator and said insurance companies may be liable to said Nora Martin Schmidt, together with the amount of salvage, if any, which should be credited upon said loss."

To this bill the defendant Nora Martin Schmidt filed her demurrer stating these grounds of demurrer:

"(1) The pending of the actions in the state court and in this court, comity of co-ordinate jurisdiction; the cases therein involving the same subject-matter and the same defenses as in this bill. (2) The bill seeks an injunction against actions at law in the state courts, contrary to section 720 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 581]. (3) That there is a plain, adequate, and complete remedy at law."

These all go to the jurisdiction of this court—a court of equity. The first and third grounds of demurrer raise the question, is there any equity in this bill?

Each of these insurance companies insured Schmidt from loss by fire, fixing the maximum of the risk in each case. They further provide that in case of loss each shall pay only the pro rata which its own maximum of loss bears to the total amount of the loss. So the policies are interdependent. Before the amount to be paid by any insurance company can be ascertained, there must be fixed what is the entire loss of the insured, and what proportion of that amount must be borne by each company. To do exact justice, as well as to conform to the terms of the policies, the entire amount of the loss shall be the same in each case. It will be observed that this is not a case coming under section 1816 of the Code of Laws of South Carolina. That section requires the amount of the value of the property to be insured to be fixed between the insurer and the insured at or before the issue of the policy. The bill avers that this was not done, and the demurrer admits this averment. Had it been done, then the law court had nothing to do, in case of a verdict for plaintiff, than to ascertain what proportion the risk assured by the insurers bore to this fixed valuation. That is not the case here. The defense is, among other things, that Schmidt falsely represented the value of the property insured. Each jury in the cases at law must respond to this issue. If the several juries differed in the valuation of the property, then the defenses in each case would be affected by a verdict, either above or below its true proportion, and so defeat the express terms of each policy. It is of prime importance, therefore, that the actual amount of loss from the fire should be fixed once for all, as that is a controlling factor in determining what each insurer should pay.

This case is controlled by the case of Home Insurance Co. v. V. C. C. Co. (C. C.) 109 Fed. 681, and 113 Fed. 1, 51 C. C. A. 22. It is a mistake to suppose that that case was decided upon a valuation of the property under the section of the Code of Laws of South Carolina above quoted. It was charged that the attempt to comply with the terms of that section was fraudulent; that the insured had falsely stated the value of property concealed from view; that the fraud, if it existed, did not estop the insurer from showing the falsehood of the statement. The case in fact turned upon the pure necessity of ascertaining what was the real loss, and, after this was done, of apportioning it between the insurers. Nor is this the only equity in this bill. It prays a discovery, and propounds questions which the defendant must answer. It is true that by recent legislation a party to a cause may be summoned as a witness, and may be compelled to testify as such. But this does not take away the ancient jurisdiction of the court of equity to require a discovery. The adequate remedy at law, which is the test of the equitable jurisdiction of the courts of the United states, is that which existed when the judiciary act of 1789 was adopted, unless subsequently changed by Congress. McConihay v. Wright, 121 U. S. 201, 7 Sup. Ct. 940, 30 L. Ed. 932. The remedy at law, in order to exclude equity, under section 723, Rev. St. [U. S. Comp. St. 1901, p. 583], must be as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity. Tyler v. Savage 143 U. S. 79, 12 Sup. Ct. 340, 36 L. Ed. 82. A bill for discovery purges the conscience of the defendant. If complainant call him

as a witness, he may be concluded by his answer. See, also, Sheffield v. Witherow, 149 U. S. 574, 13 Sup. Ct. 936, 37 L. Ed. 853. Under the authority of that case, these two grounds of demurrer are over-ruled.

With regard to the second ground of demurrer—that this section 720 of the Revised Statutes [U. S. Comp. St. 1901, p. 581] forbids this injunction. This is answered by Virginia C. C. Co. v. Home Insurance Co., 113 Fed., and 51 C. C. A., above quoted:

"When separate actions at law by insured against insurers on policies to which the same defense is interposed, and under which liability, if any, is proportioned, are removed into the federal court, with the exceptions of one in which the amount involved is not enough to give it jurisdiction, prosecution of this action, as well as the others, may be enjoined by a bill in the federal court to have the liabilities of the insurers determined and adjusted by such court, as a court of equity, under such bill."

Is this an ancillary bill? In Virginia C. C. Co. v. Home Insurance Co., a bill of this character precisely was held an ancillary bill, under a number of authorities cited. If so, the jurisdiction is not affected by the citizenship of the parties or by the amount involved. Compton v. Jesup, 68 Fed. 263, 15 C. C. A. 397; Stone v. Bishop, Fed Cas. No. 13,482; Carey v. Houston, etc., Ry., 161 U. S. 133, 16 Sup. Ct. 537, 40 L. Ed. 638. Were it necessary it could be said that this is an original bill, without defeating the jurisdiction. The act defining the jurisdiction of the Circuit Court of the United States gives jurisdiction when there is a controversy between citizens of different states. Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]. What is the controversy in this case, and who are the parties to it? Clearly, the controversy is between the defendant Schmidt and the insurance companies. She is arraigned on one side, and all of them on the other, of this controversy. They are all citizens of states other than hers. Meyer v. Construction Co., 100 U. S. 457, 25 L. Ed. 593; R. Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Consolidated Water Co. v. Babcock (C. C.) 76 Fed. 248; Cilley v. Patten (C. C.) 62 Fed. 500.

The demurrer is overruled. The defendant demurring has leave to plead or answer over.