PRESTON v. CALLOWAY et al.

(Circuit Court of Appeals, Sixth Circuit. December 1, 1910.)

No. 2,039.

COURTS (§ 264*)—JURISDICTION OF FEDERAL COURTS—ANCILLARY SUIT.

> A suit in equity in a federal court to enforce payment of a tax in order to obtain satisfaction to that extent of a judgment rendered by such court, although original in form, is ancillary to the original action and within the jurisdiction of the court irrespective of the amount in controversy.
>
> [Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. § 264.*]

Appeal from the Circuit Court of the United States for the Western District of Kentucky.

Suit in equity by A. J. Preston against F. W. Calloway and Eleanor L. Calloway, William A. Jones, and A. C. Jones. Decree for defendants, and complainant appeals. Affirmed.

Helm Bruce (Helm & Helm, of counsel), for appellant.

H. X. Morton and James F. Fairleigh, for appellees.

Before SEVERENS and WARRINGTON, Circuit Judges, and COCHRAN, District Judge.

COCHRAN, District Judge. This case is exactly like that of A. J. Preston v. Sturgis Milling Company, 183 Fed. 1, in which an opinion has been handed down simultaneously herewith, except that it concerns another taxing district of Union county, to wit, the Lindle Mills district, and the amount in controversy is less than $2,000.

The amount of the tax sought to be collected by the enforcement of the lien created by section 25 of the act referred to in the other opinion (Sess. Acts 1869–70, c. 366) is $1,478.40. The appellee raised the question of jurisdiction in the lower court by demurrer to the bill, which was overruled and the jurisdiction sustained. We think this holding was sound. The object of the suit was to enforce payment of the tax in order to obtain satisfaction to that extent of the judgment theretofore rendered by the lower court on its law side. Though the bill was in form original, it was ancillary in its character, and hence the court had jurisdiction irrespective of the amount in controversy. Riggs v. Johnson, 6 Wall. 166–187, 18 L. Ed. 768; Pacific R. R. of Mo. v. Missouri Pacific R. R. Co., 111 U. S. 505–522, 4 Sup. Ct. 583, 28 L. Ed. 498; Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123; Central Nat. Bank v. Stevens, 169 U. S. 464, 18 Sup. Ct. 403, 42 L. Ed. 807; Phelps v. Mutual Reserve Fund Life Ass'n, 112 Fed. 453, 50 C. C. A. 339, 61 L. R. A. 717; Hatcher v. Hendrie, etc., Co., 133 Fed. 267, 68 C. C. A. 19; Brun v. Mann, 151 Fed. 145–150, 80 C. C. A. 513, 12 L. R. A. (N. S.) 154.

The other questions in this case are covered by the opinion in the other case.

The decree of the lower court is affirmed.