## PACIFIC TELEPHONE & TELEGRAPH CO. v. STAR PUB. CO.

(District Court, W. D. Washington, N. D.
October 20, 1924.)

No. 427.

**1. Courts ⊜508(1)— Jurisdictional requisites of citizenship and amount not necessary to warrant injunction in federal court against proceedings by state court in ancillary action.**

If proceeding in state court is ancillary to case in federal court, latter may issue restraining order against prosecution without violating

Rev. St. § 720 (Comp. St. § 1242), regardless of lack of jurisdictional requisites of diversity of citizenship and amount involved.

**2. Courts ⬳493(1)—Avoidance of conflict between courts inspired statute vesting court first acquiring jurisdiction with power to adjudicate.**

Avoidance of unseemly conflict between courts whose jurisdiction may embrace same property or persons inspired Rev. St. § 720 (Comp. St. § 1242), and possession of res vests court which first acquired jurisdiction with power to adjudicate controversy, whether court takes possession of specific property or not.

**3. Courts ⬳508(2)—Action in federal court regarding telephone rates held proceeding in rem, warranting restraining order against suit by telephone user in state court.**

Action by telephone company against director of public works, supervisor of public utilities, and others, asserting rates were confiscatory, was proceeding in rem, and not in personam, and subsequent action by telephone user against telephone company was ancillary, and could be restrained by federal court.

**4. Judgment ⬳702 — Department of Public Works in Washington representative of telephone users, who are bound by decree in rate case.**

Department of Public Works in Washington is representative of telephone users, and they are bound by decree entered in rate case against such department.

**5. Courts ⬳99(1)—Decision on entry of restraining order in rate case is law of case until final hearing.**

Decision on entry of restraining order in rate case is law of case until final hearing, unless reversed or modified by appellate court.

In Equity. Suit by the Pacific Telephone & Telegraph Company against the Star Publishing Company. On motion for temporary injunction. Motion granted.

The plaintiff alleges that it is a corporation under the laws of the state of California, and the defendant a corporation under the laws of the state of Washington, with its principal place of business in the city of Seattle; that on August 6, 1924, defendant commenced an action in the state court by petition and affidavit praying a writ of mandate directing the plaintiff to furnish telephone service at rates not in excess of those prescribed by the ordinance and order set out, and that thereafter plaintiff served on the defendant and filed notice of and a proper and sufficient petition for removal of said suit to this court, and therewith filed in the superior court a proper and sufficient bond on removal; that the sufficiency of the bond was approved by one of the judges of the state court, and that an order was entered by the judge of the said court denying the petition for removal; that on the 13th of August this plaintiff filed a certified copy of the record of said cause in the office of the clerk of this court, and served upon the defendant notice of such removal; that no application has been made by the defendant to remand the cause to the state court, and that counsel for the defendant in open federal court stated that no motion to remand would be made; that the said suit is a suit of a civil nature in equity, and a controversy between citizens of different states, and exceeds in value the sum of $3,000, exclusive of interest and costs; that the notice of the petition and the petition, and the bond on removal, were timely served and timely filed; that, notwithstanding such removal, the defendant asserts the jurisdiction of the state court, and threatens to, and will unless restrained, cause proceedings to be taken in said suit in said state court subjecting the plaintiff to double and expensive litigation; that on April 24, 1923, plaintiff commenced an action in this district, Southern division, against E. V. Kuykendall et al., and the Attorney General of the state, affecting the telephone rates involved in the state court suit aforesaid, asserting that the rates were confiscatory, and that jurisdiction in this court fully vested on such date; that thereafter, on July 23, 1924, an injunction order was entered enjoining the director of public works, supervisor of public utilities, and supervisor of transportation, and the Attorney General, from attempting to compel the plaintiff to maintain and keep in force the rates and charges prescribed by the Department of Public Works of the state of Washington, and from attempting to interfere with the plaintiff in immediately putting into effect any rates "not in excess of those set forth in said Schedule Exhibit F," and that bond was thereafter filed as by the order provided; that the rates charged for phone service for the month of August, which are asserted to be illegal, were charged pursuant to order of this court, and that the injunctive order has not been appealed from or modified; that the plaintiff has complied with the terms of the order; that the institution and prosecution of said cause in the said state court is "wrongful interference with the possession of this court and its exclusive jurisdiction over the property owned by the plaintiff and devoted to the public service of the city of Seattle, Washington, including the right to charge, receive, and retain the rates authorized by said injunctive order."

Otto B. Rupp, of Seattle, Wash., Post, Russell & Higgins, of Spokane, Wash., and

Pillsbury, Madison & Sutro, of San Francisco, Cal., for plaintiff.

Herr, Bayley & Croson, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1, 2] The issue here, telephone rates, has been before the court in several relations. P. T. & T. Co. v. Dept. of Pub. Wks., —— F.(2d) ——;[2] Id., 265 U. S. 196, 44 S. Ct. 553, 68 L. Ed. 975; and State ex rel. Seattle v. Dept. of Pub. Wks. et al., —— F.(2d) ——,[2] decision filed Sept. 25, 1924. It is contended that the restraining order should not issue because violative of section 720, R. S. (Comp. St. § 1242). If this proceeding is ancillary to the case, supra, now pending in this court, the defendant may be enjoined. Traction Co. v. Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; C. & O. Ry. Co. v. McCabe, 213 U. S. 207, 29 S. Ct. 430, 53 L. Ed. 765; C. & O. Ry. Co. v. McDonald, 214 U. S. 191, 29 S. Ct. 546, 53 L. Ed. 963; C. & O. Ry. Co. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544. And in an ancillary action, jurisdictional requisite, diversity of citizenship, and amount involved, are not necessary. M., K. & T. Ry. Co. v. Chappell (D. C.) 206 F. 688; McCabe v. Guaranty Trust Co., 243 F. 845, 156 C. C. A. 357. See also cases in margin.[1] The avoidance of unseemly conflict between courts whose jurisdiction may embrace the same property or persons inspired section 720, supra, and the possession of the res vests the court which first acquired jurisdiction with power to adjudicate the controversy. F. L. & T. Co. v. Lake Street E. R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667. And this applies whether the court takes possession of specific property or not. Looney v. E. T. Ry. Co., 247 U. S.

214, 38 S. Ct. 460, 62 L. Ed. 1084. That the rate case, supra, is not a proceeding in personam, but essentially in rem, is stated in People's Gaslight & Coke Co. v. City of Chicago (C. C.) 192 F. 398, and the same thought is expressed by the Supreme Court in Missouri v. Chicago, B. & Q. R. R. Co., 241 U. S. 533, 36 S. Ct. 715, 60 L. Ed. 1148, where it sustained the complaint of a railroad as to the confiscatory character of rates fixed by state law and the right to test the rates as a unit, claiming injunctive relief against the state law in its entirety and the officers having to do with its enforcement, citing Reagan v. F. L. & T. Co., 154 U. S. 362, 14 S. Ct. 1047, 38 L. Ed. 1014; Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Willcox v. Consolidated Gas Co., 212 U. S. 19, 29 S. Ct. 192, 53 L. Ed. 382, 48 L. R. A. (N. S.) 1134, 15 Ann. Cas. 1034; Missouri Rate Case, 230 U. S. 474, 33 S. Ct. 975, 57 L. Ed. 1571; Norfolk & Western Ry. v. Conley, 236 U. S. 605, 35 S. Ct. 437, 59 L. Ed. 745.

In the Missouri Rate Case, 230 U. S. 474, 33 S. Ct. 975, 57 L. Ed. 1571, a restraining order was obtained against the enforcement of the Freight and Passenger Act of 1905 of Missouri. While the issue was pending before the master, to whom it was referred to take testimony, and before a report of his findings and conclusions was filed, the Missouri Legislature, in 1907, passed certain acts fixing certain minimum and maximum rates (intrastate) for named commodities. On the day these acts took effect bills were filed in the state court against the railway company by the state, requiring them to give effect to the new prescribed rates. The companies filed a supplemental bill in the action pending in the federal court, praying that the enforcement of the 1907 act be enjoined. The state contended that it had brought suit and the state court's jurisdiction was then exclusively vested. The federal court—(C. C.) 168 F. 317—denied this contention. The Supreme Court said, at page 496 (33 S. Ct. 978):

"Neither can it be said that the state court had prior jurisdiction. That the state filed in one of its courts bills for the enforcement of the act of 1907, before the actual filing of the supplemental bills, may be true; but the application for leave to file the supplemental bills was pending in the Circuit Court of the United States, and

---

[1] Johnson v. Christian, 125 U. S. 642, 646, 8 S. Ct. 989, 1135, 31 L. Ed. 820; New Orleans v. Fisher, 180 U. S. 185, 196, 21 S. Ct. 347, 45 L. Ed. 485; First Nat. Bank v. Salem Capital Flour Mills Co. (C. C.) 31 F. 580, 583; Lamb v. Ewing, 54 F. 269, 273, 4 C. C. A. 320; Broadis v. Broadis (C. C.) 86 F. 951, 954; Widaman v. Hubbard (C. C.) 88 F. 806, 812; Everett v. School Dist. (C. C.) 102 F. 529, 530; Brooks v. Laurent, 98 F. 647, 652, 39 C. C. A. 201; Pac. R. R. of Mo. v. Mo. Pac. Ry. Co., 111 U. S. 505, 522, 4 S. Ct. 583, 28 L. Ed. 498; Minn. Co. v. St. Paul Co., 2 Wall. 609, 633, 17 L. Ed. 886; Central Trust Co. v. Bridges, 57 F. 753, 762, 6 C. C. A. 539; Preston v. Calloway, 183 F. 19, 20, 105 C. C. A. 311; Brun v. Mann, 151 F. 145, 150, 80 C. C. A. 513, 12 L. R. A. (N. S.) 154; Julian v. Central Trust Co., 193 U. S. 93, 113, 24 S. Ct. 399, 48 L. Ed. 629; Carey v. Houston & Texas Ry. Co., 161 U. S. 115, 16 S. Ct. 537, 40 L. Ed. 638; Rochester, etc., Ins. Co. v. Schmidt (C. C.) 126 F. 998, 1003.

[2] Opinions not available, but see Table of Cases in subsequent volumes.

action was suspended, merely to give opportunity for hearing, the court meanwhile restraining the enforcement of the new rates. In view of the pending bills assailing the act of 1905, the substantial identity of the question arising under the acts of 1907, and the pendency of the motion for leave to file supplemental bills, we are clearly of opinion that priority of jurisdiction belonged to the United States and the state court could not properly oust that jurisdiction."

In Re Engelhard, 231 U. S. 646, 651, 34 S. Ct. 258, 259 (58 L. Ed. 416) the court said:

"It is the universal practice, sustained by authority, that the only mode of judicial relief against unreasonable rates is by suit against the governmental authority which established them, or is charged with the duty of enforcing them. As was said by Mr. Justice Miller in Chicago, Mil. & St. P. Railway Co. v. Minnesota, 134 U. S. 418, 460, it was not competent for each individual having dealings with the regulated company 'to raise a contest in the courts over the questions which ought to be settled in this general and conclusive way.' "

To the same effect is Ex parte Young, 209 U. S. 123, 161, 165, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

[3] This case is clearly ancillary to the rate case, supra. The right of the parties there in issue cannot be determined in another court without conflicting with the jurisdiction here, and until this jurisdiction is exhausted no other court's jurisdiction may be invoked. See Starr v. Chicago, R. I. & P. Ry. Co. (C. C.) 110 F. 3, 6, 8, 9, and cases cited. Among other things, at page 6, the Circuit Court said:

"The foregoing principle is so indispensable to the harmonious working of our systems of federal and state jurisprudence that neither the Eleventh Amendment to the Constitution, nor section 720 of the Revised Statutes, which prohibits the issue by a court of the United States of a writ of injunction to stay proceedings in any court of a state, can be permitted to interfere with its maintenance. The court which first obtains jurisdiction of the subject-matter and of the necessary parties to a suit may, and if it discharges its duty it must, if necessary, issue its injunction to prevent any interference by any one with its effectual determination of the issues, and its administration of the rights and remedies involved in the litigation" (citing cases).

A case on all fours with the case in issue is Looney v. Eastern Texas Ry. Co., supra. Justice Clarke, at page 221 (38 S. Ct. 462), said:

"The use of the writ of injunction, by federal courts first acquiring jurisdiction over the parties or the subject-matter of a suit, for the purpose of protecting and preserving that jurisdiction until the object of the suit is accomplished and complete justice done between the parties, is familiar and long-established practice. * * * [citing cases]. So important is it that unseemly conflict of authority between state and federal courts should be avoided, by maintaining the jurisdiction of each free from the encroachments of the other, that * * * section 720 * * *. has repeatedly been held not applicable to such an injunction" (citing cases).

See, also, cases cited below.[2]

[4] The Department of Public Works is the representative of the telephone users, and the subscribers are bound by decree entered in the rate case, supra. The Missouri Rate Cases, 230 U. S. 474, 33 S. Ct. 975, 57 L. Ed. 1571; In re Engelhard, supra; Ex parte Young, supra; Mo. v. C., B. & Q. R. R. Co., supra; City of N. Y. v. Consolidated Gas Co., 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870. The court, in the case of New York v. New York Tel. Co., 261 U. S. 312, at page 315, 43 S. Ct. 372, 373 (67 L. Ed. 673) said:

"The necessary defendant in the suit to enjoin the orders lowering rates was the Public Service Commission, whose orders they were."

In Re Engelhard, supra, at page 651 (34 S. Ct. 259), the court said:

"It is the universal practice, sustained by authority, that the only mode of judicial re-

[2] Prout v. Starr, 188 U. S. 537, 544, 23 S. Ct. 398, 47 L. Ed. 584; Iron Mountain R. Co. v. City of Memphis, 96 F. 113, 131, 132, 37 C. C. A. 410; Brun v. Mann, 151 F. 145, 149, 150, 80 C. C. A. 513, 12 L. R. A. (N. S.) 154; Dietzsch v. Huidekoper, 103 U. S. 494, 497, 26 L. Ed. 497; Swift v. Black Panther Oil & Gas Co., 244 F. 20, 22, 156 C. C. A. 448; St. Louis-San Francisco Ry. Co. v. McElvain (D. C.) 253 F. 123; Lang v. Choctaw, Okla. & Gulf R. Co., 160 F. 355, 87 C. C. A. 307; Libbey Glass Co. v. McKee Glass Co. (D. C.) 216 F. 172, 178, affirmed 220 F. 672, 136 C. C. A. 314; Jackson v. Parkersburg & O. V. Elec. Ry. Co. (D. C.) 233 F. 784, 787; Fid. Ins., etc., Co. v. Norfolk & W. R. Co. (C. C.) 88 F. 815, 820; Fisk v. R. R. Co., 10 Blatchf. 520, Fed. Cas. No. 4,830; Mercantile Trust & Dep. Co. v. Roanoke & S. Ry. Co. (C. C.) 109 F. 3, 6; Phipps v. Chicago, R. I. & P. Co. (C. C. A.) 284 F. 945, 955, 28 A. L. R. 1184; Gunter v. Atl. Coast Line Co., 200 U. S. 273, 291, 26 S. Ct. 252, 50 L. Ed. 477; Wadley v. Blount (C. C.) 65 F. 667, 675.

lief against unreasonable rates is by suit against the governmental authority which established them or is charged with the duty of enforcing them.

Judge Morrow, of this circuit, in Spring Valley Waterworks v. City and County of San Francisco (C. C.) 124 F. 574, 602, said:

"The board of supervisors, or the municipal corporation, or perhaps both, represent the water ratepayers in this controversy, and are bound by the proceedings. This has been established by abundant authority."

See, also, cases cited below.[3]

It is said that this court, in Puget Sound Power & Light Company v. S. B. Asia et al., filed March 12, 1921, declined to enjoin a proceeding in the state court, and that this issue is similar. The issue in those cases (state court and this court) involved separate funds of the city—in the one court, a special fund; in the other court, the general fund—and the court said:

"The provision of the statute under which the utility was acquired did not obligate the general fund of the city to the payment of any portion, and the obligation of the city is distinctly limited to the special fund. Clearly the recourse of the plaintiff is to maintain the integrity of the special fund. It is stated that the design and purpose of the plaintiffs in the state court, defendants here, is to preserve the general fund from invasion for the purpose of repleting the special fund for any purpose. * * * The special and general funds are as separate and as distinct as are two separate sections of land. A mortgage on one may not be said to cover the other. An action against one may not be said to involve both. * * * The action in the state court is to maintain and preserve the integrity of the general fund."

There the issue, "funds," was different. Here the issue, "rates," is the same.

[5] The three-judge court had before it the ordinance provision in issue, and, right or wrong, that issue is adjudicated, and is the law of this case until the final hearing, unless reversed or modified by the appellate court.

Let the order issue.

3 Western R. Co. of Alabama v. R. R. Com. (C. C.) 171 F. 694, 702; St. Louis, I. M. & S. Ry. Co. v. Bellamy (D. C.) 211 F. 172, 179; State of Missouri v. Williams, 221 Mo. 227. 120 S. W. 740, 746, 747; St. Louis-San Francisco R. Co. v. McElvain (D. C.) 253 F. 123, 130.