## PACIFIC TELEPHONE & TELEGRAPH CO. v. AGNEW.

(District Court, W. D. Washington, N. D. October 20, 1924.)

No. 425.

1. **Courts** ⬅️508(2)—**If federal injunctive order concerning rates was not properly put into effect, suit in state court to recover alleged excessive rate cannot be enjoined.**

If steps to make injunctive order of federal court against interference with establishment of new telephone rates effective are not taken, old rates are effective, and federal court will not restrain prosecution in state court of action by telephone user to recover excessive payment made under protest.

2. **Telegraphs and telephones** ⬅️33(1) — **Injunctive order of federal court concerning rates held not put into effect.**

Order of federal court, enjoining interference with telephone company in putting into effect certain rates, did not have the effect of increasing rates, until Rem. Comp. Stat. Wash. 1922, § 10376, had been complied with by filing schedule, in view of section 10372.

3. **Telegraphs and telephones** ⬅️33(1)—**Statute requiring "filing" of schedule of rates held not satisfied, though rates among records of department.**

That schedule of rates was set forth in dissenting opinion of one of members of Department of Public Works, and was thus among records of department, did not satisfy Rem. Comp. Stat. Wash. §§ 10372, 10376, requiring schedule of rates to be filed to be effective.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, File.]

4. **Removal of causes** ⬅️13—**Action to recover telephone payments held not ancillary to action in federal court to enjoin enforcement of rates, and not removable.**

Action in justice court to recover payments made for telephone under protest, on ground that injunctive order of federal court had not been put into effect by filing of schedules under Rem. Comp. Stat. Wash. §§ 10372, 10376, was not ancillary to action in federal court to enjoin putting into effect certain rates, being an independent transaction, and was not removable; jurisdictional facts not appearing.

5. **Removal of causes** ⬅️102—**Federal court is bound to determine whether it has jurisdiction of removed cause, though no motion to remand is made.**

Though no motion to remand has been made, question of jurisdiction is one which federal court is bound to ask and answer for itself, whether suggested or not, and without respect to relation of parties.

In Equity. Suit by the Pacific Telephone & Telegraph Company against Henry Clay Agnew. On motion for temporary injunction. Motion denied.

The plaintiff alleges foreign corporate existence, doing business in the state in conformity with its laws, and that on the 6th of September, 1924, the defendant commenced an action in a justice court of the city of Seattle against the plaintiff, in which he sets out that one William Hardy was a subscriber to the telephone service of the

plaintiff, and under the tariff rate filed with the Public Service Commission was charged the sum of $27.55 per month; that such rate and schedule was filed by the plaintiff with the approval of the Public Service Commission under section 10376, Rem. C. S. of Washington; that the plaintiff charged said Hardy, for the same services during the month of August, the sum of $35, which charge Hardy was compelled to pay to avoid discontinuance of services, said payment being made under protest; that said claim has been duly assigned to defendant; that thereafter the plaintiff filed with the aforesaid justice court a proper and sufficient petition for removal of said suit to this court, alleging jurisdictional facts, and therewith a bond, which, with a copy of the petition, was served upon the defendant, and the said justice of the peace denied the application for removal; that on the 3d day of October, 1924, the plaintiff filed in this court a certified copy of the record in said cause, and thereafter served upon the defendant a copy of the said record; that the cause instituted in the justice court is a suit of a civil nature at law or in equity, and was and is a controversy between citizens of different states, and the issue exceeds the sum of $3,-000, exclusive of interest and costs; that the service of the petition and bond on removal were timely, and the same were timely filed, and that the justice court has no authority to retain jurisdiction of the cause; that, notwithstanding the removal, the defendant threatens to, and will, unless restrained, cause proceedings to be taken in said justice court harassing this plaintiff and subjecting it to double and expensive litigation; that on the 24th of April, 1923, the plaintiff commenced an action in this court (Southern Division), against the Director of Public Works of Washington et al., in which it is alleged, inter alia, that the order made March 31, 1923, by the Department of Public Works of the state of Washington, prescribing certain rates for telephone service in the city of Seattle, including the rates for the telephone service rendered by the plaintiff to Hardy, was null and void, in that the rates prescribed in the said order, including the rate charged by this plaintiff to the defendant, were confiscatory of the property of the plaintiff; that subpœnas were duly issued and jurisdiction of said property vested in this court, and that thereafter, on July 23, 1924, an injunctive order was entered by which the defendants in said cause and all other parties to the action were enjoined from attempting to com-

pel the plaintiff, its officers, agents, and employees, from observing, maintaining, and keeping in force the said rates and charges, and from attempting to interfere with and prevent the plaintiff, its officers, directors, agents, and employees, from immediately putting into effect the rates and charges set forth in Schedule F referred to in the bill of complaint in said action, etc.; that the rates charged to the defendant for the month of August were charged under authority of said injunctive order; that the said order has not been appealed from or modified; that the institution and prosecution of the action in the justice court is a wrongful interference with the possession of this court and its exclusive jurisdiction over the property owned by the plaintiff and devoted to the public service, including the right to charge and receive the rates authorized by said injunctive order—and prays that the defendant be restrained from further prosecuting said action.

The defendant appears and objects to the injunctive order sought on the ground that the necessary steps under the laws of Washington to make effective the said order have not been taken, and that the charges of the plaintiff for the month of August were unauthorized and without authority of law, and the collection made without right, and payment made under protest gives the plaintiff in that case a cause of action.

Otto B. Rupp, of Seattle, Wash., Post, Russell & Higgins, of Spokane, Wash., and Pillsbury, Madison & Sutro, of San Francisco, Cal., for plaintiff.

Henry Clay Agnew, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] If the steps to make the injunctive order effective were taken, then upon the authority of Pac. Tel. & Tel. Co. v. Star Publishing Co., 2 F.(2d) 151, decision just filed, the injunctive order must issue. If, on the other hand, the effective steps were not taken and the rates under the old schedule were effective, then the relief here sought must be denied.

[2] This court is now concerned only with the rate status of the parties from the date that the injunctive order of July 23, 1924, became effective. The order is: " * * * From attempting to interfere with or prevent the plaintiff, its directors, officers, agents, and employees, from immediately putting into effect the rates and charges set forth in Schedule F referred to in the bill of complaint and filed therewith."

Section 10376, Rem. C. S. of Wash. 1922, says: "No telephone or telegraph company shall charge, demand, collect or receive different compensation for any service rendered or to be rendered than the charge applicable to such service as specified in its schedule on file and in effect at that time. * * * "

The issue before the three-judge court was the order of the Department of Public Works denying the right to file the schedule for the increased rates. The issue was the administrative and semijudicial acts of the commission. The injunctive order did not promulgate rates, but only enjoined the defendants from interfering with or preventing the plaintiff, its directors, officers, agents, etc., from immediately putting into effect the rates as contended for, and the effective method of so doing was as provided in section 10376, supra. Section 10372, Rem. C. S., provides that: "Every telephone and telegraph company shall file with the commission and shall print and keep open to public inspection at such points as the commission may designate, schedules showing the rates, tolls, rentals. * * * "

[3] The court, by its injunctive order, did not attempt to suspend the operation of these sections of the statute. It has not the power to do so. In answer to inquiry from the bench as to whether the schedule had been filed, it was stated by counsel that a schedule had been filed to make effective the restraining order issued by Judge Cushman at the inception of the litigation, which order was afterwards set aside by the three-judge court, but that the schedule was withdrawn. It is also stated that the schedule of rates now charged is the same as set forth in the dissenting opinion of one of the members of the Department of Public Works, and that it was among the records of the department. Such would not, in my judgment, satisfy the statute.

The requirement of sections 10372 and 10376, supra, is to file with the commission and keep open to public inspection a schedule of rates, and the right to receive compensation rests upon and must be as specified in its schedule on file, and in effect at the time. In the opinion of Judge Cushman for the three-judge court on May 23, 1923 [reversed by Supreme Court, 265 U. S. 196, 44 S. Ct. 553, 68 L. Ed. 975], it was said: "It was stated upon the argument of the application for a preliminary injunction that, after service of the restraining order, plaintiffs had filed the schedule of rates directed in the order, being those asked pending final determination of the suit. Defendants contend that this constituted an abandonment by plaintiffs of the rate schedules involved in the department's hearings and findings. The court concludes that such filing was but a step taken by plaintiffs in rendering effective the restraining order, and that its result was not to render the issues involved in these suits merely moot questions." It was there recognized that filing the schedule of rates was necessary to make effective the injunctive order.

[4, 5] This case is distinguished from the P. T. & T. Co. v. Star Publishing Co. Case, in that this transaction is past and concluded, and establishes an independent relation; it is not ancillary to the rate case; while in the Star Publishing Company Case it is sought to establish conditions and continuances of future relations, and is ancillary to the P. T. & T. Co. v. Department of Public Works (rate) Case, —— F.(2d) ——.[1] This case being an independent transaction, the case pending in the state court, Agnew v. P. T. & T. Co., is not removable; jurisdictional facts not appearing. The plaintiff in that case may be the only one who has preserved a cause of action. While no motion to remand that case has been made, the question of jurisdiction is one which the court is bound to ask and answer for itself, whether suggested or not, and without respect to the relation of the parties. Charroin v. Romort Mfg. Co. (D. C.) 236 F. 1011.

An order may be presented denying the motion for injunction.

[1] Opinion not available, but see Table of Cases in subsequent volumes.