*In re* FLORIO.

*(Circuit Court, S. D. New York. May 12, 1890.)*

1. IMMIGRATION—CONTRACT LABOR—CONSTITUTIONAL LAW.
    The act of congress prohibiting the importation of aliens under contract to perform labor is a constitutional exercise of the power to regulate commerce with foreign nations. Following *U. S.* v. *Craig*, 28 Fed. Rep. 795.
2. SAME—HABEAS CORPUS.
    Under said act, which directs the secretary of the treasury not to permit such aliens to land, the fact that the refusal of a permit to land is to confine the immi-

grant to the ship on which he came while she remains in port, does not authorize him to be released under *habeas corpus* when it clearly appears that he is within the purview of the act.

At Law.  Petition for *habeas corpus*.

Domenico di Florio, an alien immigrant, being barred from landing at New York by the collector of the port, applied for his release from the collector's custody.

*Lorenzo Ullo*, for petitioner.

*Daniel O'Connell*, Asst. U. S. Atty., for the collector.

LACOMBE, J.  The question as to the power of congress to regulate the admission of alien passengers coming to this country was considered in *Henderson* v. *Mayor*, etc., 92 U. S. 259, and *Edye* v. *Robertson*, 112 U. S. 580, 5 Sup. Ct. Rep. 247; and the views therein expressed seem conclusive as to the constitutional points raised in this case.  This very act of 1885 has also been considered in *U. S.* v. *Craig*, 28 Fed. Rep. 795, by Judge BROWN, in the sixth circuit, and its constitutionality sustained.

It is a valid exercise of the power of congress "to regulate commerce with foreign nations."  Any argument as to the merits of the act, which is no doubt to some extent a reversal of the judicial policy of the government of this country, is one to be addressed to congress, and not to the courts.  The act, as amended in 1887, provides that any alien passenger arriving in this port in any ship or vessel, who comes under contract or agreement, parol or special, express or implied, made previous to the importation or migration of such alien, to perform labor or services of any kind in the United States, shall not be permitted to land, and the secretary of the treasury is by the sixth section of the amendatory act charged with the duty of enforcing this provision.  The secretary of the treasury, in this case, acting (as he necessarily must) through his subordinate officer, the collector of the port, refused to permit the relators to land, and may be said to restrain them of their liberty to that extent.  By his refusal he necessarily confines them to the limits of the ship, and to review that restraint this writ of *habeas corpus* was granted. The collector returns that he refuses the permit, and confines them to the ship, because they have come to this country under such a contract or agreement as was referred to in the first section of the act; that is, to perform labor and services for some one else after they came here.  The presumption is that as a public officer he performs his duty, and that he refuses the permit only because these alien passengers were in fact imported under such contract.  That presumption may be overcome by proof, but it is not so overcome in this case.  All that appears upon that branch of the case is the statement of the relators themselves, annexed to the return, by which it appears that they have come by this ship from Marseilles, are bound for Pittsburgh, Pa.; that their passage money from the point of sailing was furnished by Francesa Davesa, a man who is now working in Pittsburgh, Pa., and that they also have agreed to repay the cost of their passage to Francesa Davesa, for whom

they further agree that they will work at any kind of employment at wages stated by him. It appears, then, that they are within the prohibition of the statute, and the collector, or other representative of the secretary of the treasury, was therefore clearly authorized—in fact, it was his duty—to refuse a permit for their landing, although the effect of such refusal might be to confine them to the limits of the ship while she remains in this port. The writ, therefore, is dismissed, and the relators are remanded to the custody of the collector.