## BALTIMORE & O. R. CO. et al. v. WABASH R. CO.

(Circuit Court of Appeals, Seventh Circuit. November 11, 1902.)

### No. 863.

**1. FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION—RULE STATED.**

It is the settled rule that, when a state court and a federal court may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted. While such rule is not limited to cases in which property has actually been seized under process from one court before suit is instituted in the other, it is limited to actions which deal either actually or potentially with specific property or objects, and does not apply to actions strictly in personam.

**2. JURISDICTION OF FEDERAL COURTS—SUIT TO ENFORCE DECREE OF STATE COURT.**

A federal court has jurisdiction, where the requisite diversity of citizenship exists between the parties to a suit, to enforce a decree of a state court by which a railroad company has acquired the right in statutory proceedings to construct a grade crossing over the tracks of another company, by enjoining the latter from placing or maintaining obstructions in the way of such crossing; and the right to grant such relief is not affected by the fact that an appeal from such decree is pending in an appellate court of the state, where, under the statute, it does not operate as a supersedeas,—the court having power to so shape its decree that the injunction will be effective only so long as the decree of the state court shall remain in force.

**3. PARTIES—DENIAL OF APPLICATION TO BE MADE PARTY.**

Such a suit is, in effect, one to enjoin a continuing trespass on the easement granted by the state court; and, where the company committing such trespass is a lessee in possession and operation of the road over which the crossing is to be made, its lessor is not an indispensable party, and will not be permitted to become a party for the purpose of ousting the court of jurisdiction.

Appeal from the Circuit Court of the United States for the District of Indiana.

The Wabash Railroad Company, the appellee, acquired the right to construct a railway from New Haven to Butler, Ind. The line crosses a railway in possession of and operated by the Baltimore & Ohio Railroad Company, one of the appellants, at a certain point in De Kalb county. Being unable to agree with respect to the point and manner of crossing and the damages, on August 28, 1901, the Wabash Company filed its "Instrument of Appropriation," under the statutes of Indiana, for a grade crossing, making the two companies, appellants here, parties thereto. Pending the proceedings an agreement was reached between the parties to the effect that the judge should appoint three commissioners to ascertain and report whether an overgrade crossing at the point in question was reasonable and practicable, and whether a crossing at grade should be established, and to assess the damages upon

---

¶ 1. Conflicts of jurisdiction between federal and state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.

the theory of an interlocking plant being put in, used, and maintained by the Wabash Company under plans and specifications to be submitted to and approved by the auditor of the state. Commissioners were appointed by the court, who reported that an overgrade crossing was impracticable, and reported in favor of the construction of a grade crossing, assessing the damages at $12,000. Upon that report, on the 19th of October, 1901, the court decreed the Wabash Company "to have a right to and to be possessed of a right to such grade crossing, and to the rights and privileges appropriated in said instrument of appropriation at such place." The damages assessed were paid into court. On October 30th plans and specifications for an interlocking system and plant at such crossing were approved by the auditor of the state, of which the appellants were duly notified. The Wabash Company was about to put an interlocking plant in place, but was notified on the 10th of December, 1901, by the Baltimore & Ohio Railroad Company, that it would not permit a grade crossing. At that time, there being only two tracks, 8 feet apart, the latter company changed the grade of one of the tracks so as to give it a super-elevation of 4 inches over the grade of the other track, moved the south track a distance of 20 feet, and between the two tracks constructed a third track, and placed thereupon engines and cars at that crossing, detaching the middle track from each of the other tracks; thus obstructing the making of the grade crossing. Both companies, appellants here, appealed from the decree of appropriation to the appellate court of the state of Indiana, which appeal is still pending. On the 14th of December, 1901, the Wabash Company, which is a corporation of the state of Indiana, filed its bill in the circuit court of the United States for the district of Indiana, seeking to enjoin the Baltimore & Ohio Railroad Company, a corporation of the state of Maryland, from resisting the making of the grade crossing, and requiring it to remove the obstruction, to rearrange the level of the tracks, and restore them to the condition they were in at the time of the decree. Upon the 18th of December the Baltimore & Ohio & Chicago Railroad Company, a corporation of the state of Indiana, presented its petition seeking to be made a party defendant; setting forth that it was the owner of the railway, and that the Baltimore & Ohio Railroad Company is the owner of a part of its capital stock. But the court refused to allow the petition to be filed, to which ruling it excepted. And on that day, upon bill and answer, the court enjoined the Baltimore & Ohio Railroad Company, substantially as prayed for in the bill, and thereupon the decree or order allowing the injunction is brought by appeal to this court for review upon a joint and several appeal by both companies appellant.

W. H. H. Miller, for appellants.

Addison C. Harris, for appellee.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

JENKINS, Circuit Judge (after stating the facts). It is settled that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted. Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399; Farmers' Loan & Trust Co. v. Lake Street El. R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667. We have followed this rule, declaring "that the court which first obtains possession of the res or of the controversy, by priority in the service of its process, acquires exclusive jurisdiction for all the purposes of a complete adjudication." 505,-000 Feet of Lumber, 24 U. S. App. 509, 517, 12 C. C. A. 628, 65 Fed. 236. The rule is not only one of comity, to prevent unseemly con-

flicts between courts whose jurisdiction embraces the same subject and persons, but between state courts and those of the United States it is something more. "It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience." Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390. The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature. Farmers' Loan & Trust Co. v. Lake Street El. R. Co., supra; Merritt v. Steel Barge Co., 24 C. C. A. 530, 79 Fed. 228, 49 U. S. App. 85. The rule is limited to actions which deal either actually or potentially with specific property or objects. Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined; and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law. Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983; 8 Rose, Notes, 1010. The doctrine is lucidly stated by Judge Thayer in Merritt v. Steel Barge Co., supra.

Subject to the conditions stated, where jurisdiction, concurrent with the state court, exists in the federal court, parties have the right, the necessary diversity of citizenship existing, to invoke that concurrent jurisdiction, and it may not be denied them. We have been thus careful to state the limitations which hedge about the federal jurisdiction in respect to subjects which are also within the jurisdiction of state courts because it is all important that conflicts of jurisdiction between courts of different sovereignties, acting within the same plane, should be avoided. Applying these principles to the case in hand, it remains to be considered whether the present case is one in which federal jurisdiction may properly be invoked. The suit is one to restrain continuing trespasses by the Baltimore & Ohio Railroad Company, whereby the Wabash Company is prevented from the assertion of the right decreed by the state court. In its broadest aspect, it is a suit to enforce the decree of the state court, not to limit or restrain it. A creditors' bill may undoubtedly be enforced in a federal court, based upon the judgment of a state court, and a creditors' bill is merely an equitable execution. So, also, an action of ejectment will lie in the federal court, the necessary diversity of citizenship existing, upon a title derived through a state court. It would be no answer to such an action to say that the state court could have enforced its decree and given the party possession. In the present case the decree of the state court adjudged an easement in the locus in quo to the Wabash Company. Its rights were determined by that decree. This proceeding is not one to acquire an easement, or to perpetuate or condemn an easement, but is a bill in the nature of an action to stay trespass commit-

ted upon the easement acquired by the Wabash Company under the decree in question. If that decree were unappealed and unassailed, there could, we think, be no question that a federal court—its jurisdiction otherwise being conceded—could entertain a bill to enforce the decree, and to deliver possession pursuant to the decree, and to enjoin interference and obstruction, because such a proceeding is in aid of, and not in opposition to, the adjudication of a state court. It is said, however, that the decree of the state court was, prior to the filing of this bill, removed by appeal into an appellate court, and is there pending; but the appeal taken under the statute of Indiana does not operate as a supersedeas, nor in any way delay or prevent the enforcement of that decree pending the appeal. The Wabash Company, notwithstanding the appeal, could in a state court have enforced the decree. Is there any reason why it might not resort to the federal court for the same purpose, and will the action of the federal court be an interference leading to a conflict of jurisdiction? It is alleged that such might result if the federal court should decree for the Wabash Company, place it in possession, and subsequently the appellate court of Indiana should reverse the decree of the De Kalb circuit court, which adjudged the decree, and that then the Wabash Company could claim possession under the decree of the federal court, and upon decree of ouster by the state court an unfortunate conflict of jurisdiction might be projected. Such supposed possible conflict is fanciful, not real. It must be assumed that the federal court will proceed according to law, and will conform its orders and decrees in such way that no possible conflict can arise. The order here appealed from is a temporary restraining and mandatory order of injunction to prevent trespass upon the decreed rights of the Wabash Company, and pending the suit the court below is fully competent to set aside or to modify the order as the emergencies of the case may require; and it undoubtedly would so act so soon as it was advised of a reversal of the decree of the De Kalb circuit court. So, also, if this suit should go to final decree before action of the state appellate court, the proper decree to enter, and which unquestionably the court below would enter, would not be an absolute decree, but would restrain the commission of the trespasses, and the interference with possession by the Wabash Company, so long as the decree of the De Kalb circuit court should remain in full force and virtue. The decree so framed would, by force of its own terms, lose efficacy upon reversal of the decree of the De Kalb circuit court, and no conflict of jurisdiction could arise. We are anxious and should strive to avoid all possible and unnecessary conflict between federal and state courts, but we are not at liberty to deny jurisdiction when it is rightly invoked.

The application of the Baltimore & Ohio & Chicago Railroad Company to be made a party to this suit was properly denied. The road was in the possession and operation of the Baltimore & Ohio Railroad Company, and the latter company only had committed the trespass. The Baltimore & Ohio & Chicago Railroad Company was a corporation of the state of Indiana, and sought to be made a party to the suit manifestly and only for the purpose of ousting the federal

jurisdiction. It was not an indispensable party to the suit, since, so far as the record shows, it had no part in the commission of the trespasses charged. It cannot be permitted to obtrude itself into a litigation to defeat the jurisdiction of the court.

The decree or order appealed from is affirmed.