### PEOPLE'S GASLIGHT & COKE CO. v. CITY OF CHICAGO.

(Circuit Court, N. D. Illinois, E. D.   December 4, 1911.)

No. 30,584.

1. ABATEMENT AND REVIVAL (§ 12*)—OTHER SUIT PENDING—STATE AND FEDERAL COURTS.

   Pendency of another suit for the same cause of action in the state court is not per se ground for abatement of a suit for similar relief in a federal court.

   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91, 94, 95, 98; Dec. Dig. § 12.*

   Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205; Barnsdall v. Waltemeyer, 73 C. C. A. 521.]

2. COURTS (§ 493*)—STATE AND FEDERAL COURTS—CONFLICTING JURISDICTION.

   The rule that a federal court may not decline to take jurisdiction of a suit to restrain the enforcement of a city ordinance on the ground

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that its enforcement would constitute a taking of complainant's property without due process of law, because of the mere pendency of another suit in the state court for the same cause of action, and in aid of such jurisdiction might take steps to hold the matter involved in status quo in imposing such conditions as would conserve the rights of both parties until they could be ascertained and declared, was subject to the further rule that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it to the exclusion of the other, until its duty is fully performed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346-1353; Dec. Dig. § 493.*

Conflict of jurisdiction of federal court with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

**8.** COURTS (§ 508*)—STATE COURT PROCEEDINGS—STATUTES.

Where a city had previously instituted a suit in a state court to enforce an ordinance fixing the price of gas, after which complainant instituted a suit in the federal court to restrain the enforcement of the ordinance on the ground, that its enforcement would deprive complainant of his property without due process of law, etc., complainant's suit was not strictly one in personam, and hence, the state court having first acquired jurisdiction and having full power to adjudicate the rights of the parties, complainant was not entitled to an injunction restraining the enforcement of the ordinance, until further order of the court, under Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), providing that an injunction shall not be granted by any court of the United States to stay proceedings in a state court, except in cases where the injunction might be authorized by any law relating to proceedings in bankruptcy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418-1430; Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

In Equity. Bill by the People's Gaslight & Coke Company against the City of Chicago. On motion for an injunction in limine, restraining the defendant city from enforcing, or attempting to enforce, an ordinance fixing the price of gas, until the further order of the court. Denied.

Sears, Meagher & Whitney (Nathaniel C. Sears and James F. Meagher, of counsel), for complainant.

William H. Sexton, Corp. Counsel (Maclay Hoyne, Bryan Y. Craig, and Joseph F. Grossman, Asst. Corp. Counsels, of counsel), for defendant.

KOHLSAAT, Circuit Judge. Complainant, a corporation of the state of Illinois, files its duly verified bill asking that the ordinance passed by the city council of the city of Chicago on July 17, 1911, which ordinance reads as follows, viz.:

"Be it ordained by the city council of the city of Chicago:

"Section 1. That article iii of chapter xxxii of The Chicago Code of 1911 be and the same is hereby amended by striking out section 1040 thereof (which said section 1040 is in substance a re-enactment of section 1 of the ordinance passed February 14, 1906, regulating the maximum prices of gas to be charged to consumers and to the city of Chicago), and substituting therefor a new section to be designated as section 1040, which new section shall

read as follows: 'No person, firm or corporation, manufacturing, selling, supplying or distributing gas in the City of Chicago, for illuminating, fuel or power purposes, shall charge, exact, demand or collect from any consumer thereof for the next five (5) years after this ordinance goes into effect more than the rates or charges hereby fixed and prescribed. For each one thousand (1,000) cubic feet of gas consumed or used for fuel, illuminating or power purposes, the maximum sum which may be charged, exacted, demanded or collected from each consumer shall be as follows: During the first year of said five year period seventy-five cents for each one thousand (1,000) cubic feet of gas consumed or used; during the second or third years of said five year period, seventy cents for each one thousand (1,000) cubic feet of gas consumed or used; during the last two years of said five year period, the sum of sixty-eight cents for each one thousand (1,000) cubic feet of gas consumed or used. Provided that persons, firms or corporations manufacturing, selling or distributing gas in the city of Chicago, may charge, exact, demand and collect an additional price of five cents (5c) for each one thousand (1,000) cubic feet of gas consumed or used for fuel, illuminating or power purposes if the consumer fails to pay for gas consumed or used within ten (10) days after the delivery or presentation to him of his bill for gas so consumed or used; but no penalty and no other addition shall be charged, exacted, demanded or collected from any consumer over and above the maximum charges and rates herein enumerated or any of them.'

"Sec. 2. That article iii of chapter xxxii of said Chicago Code of 1911 be and the same is hereby further amended by striking therefrom section 1042 (which said section 1042 is in substance a re-enactment of section 3 of said ordinance, passed February 14, 1906, regulating the maximum prices of gas to be charged to consumers and to the city of Chicago), and substituting therefor a new section to be designated as section 1042, which said new section shall read as follows: 'Any person, firm or corporation who shall charge, exact, demand or collect from any consumer of gas in said City of Chicago a sum in excess of the maximum rates specified in section 1040 during said five year period, shall be fined not less than twenty-five dollars ($25.00) nor more than two hundred dollars ($200.00) for each and every offense.'

"Sec. 3. That this ordinance shall first be published in the manner provided by law and ten (10) days after such publication has been made this ordinance shall take effect."

—be declared and decreed to be inoperative, invalid, illegal, null, and void, and of no force and effect as against the People's Gaslight & Coke Company, and in violation of the rights of complainant as secured to it by the Constitution of the United States of America and amendments thereto, and of the contract rights of complainant as contained in its charter; and further praying that the act of the Legislature of Illinois approved May 18, 1905 (Laws 1905, p. 110), entitled "An act to confer upon the city of Chicago the power and authority to sell surplus electricity and to fix the rates and charges for the supply of gas, etc.," be adjudged and decreed to be unconstitutional and void, and for other relief.

The cause is now before the court upon a motion for the granting of a temporary injunction restraining the city from enforcing or attempting to enforce said ordinance until the further order of the court. From the bill it appears that on July 31, 1911, complainant herein filed in the circuit court of Cook county, Ill., in which county defendant is situated, its petition to review and determine rates for gas prescribed by said ordinance of July 17, 1911, in pursuance of the provisions of the act aforesaid, upon which said ordinance was based. Such action was had upon said petition that the court, by injunction in limine, ordered petitioner therein, the complainant herein, to charge

and collect not to exceed the sum of 80 cents per 1,000 cubic feet of gas, with certain exceptions named, until such time as the court should take final action in said cause, and enjoining the city of Chicago and its agents from enforcing or attempting to enforce said ordinance of July 17, 1911, and providing for a refund in case the rates prescribed in said ordinance should finally be adjudged just and reasonable.

While said order of the circuit court was in force and unmodified, and before said cause came to a hearing, and on October 31, 1911, the city of Chicago, defendant herein, filed its plenary suit on the equity side of said circuit court of Cook county, Ill., on behalf of itself as a gas consumer and all others similarly situated, wherein the gas company, complainant herein, was made defendant, praying that the gas company, its officers, etc., be temporarily enjoined, until the further order of the court, from demanding or receiving more than 80 cents for each 1,000 cubic feet of gas used by the city of Chicago or any other consumer of gas supplied by the gas company in the city of Chicago, and that, upon final hearing, the gas company be enjoined from charging or receiving more than the rate therefor fixed by said ordinance of July 17, 1911.

Thereafter, by leave of court entered on November 13, 1911, said bill was amended by adding, among other matters, a further prayer that the gas company, its officers, etc., until the further order of the court, pay to and turn over to the clerk of that court, or some other person to be named by the court, all moneys that might from time to time be collected by said Gas Company from the city and all other consumers of said gas in Chicago, in excess of the maximum rates named in said ordinance, to be held subject to the further order of the court.

This bill recited the proceedings had upon said motion to review, etc., filed in said state circuit court on July 3, 1911, and set out the grounds upon which the same was alleged to be inefficacious. The Gas Company was duly served with process and filed its demurrer to the said bill of the city, whereupon the city applied for leave to and did amend its bill as above stated, and the demurrer was ordered to stand to the bill as amended. Upon the hearing on said demurrer, it was overruled, whereby said circuit court held that the pendency of proceedings in the same court based upon the petition to review, etc., constituted no bar to the institution of the said suit by the city. Immediately following this ruling of said circuit court, the Gas Company filed the present bill in this court, setting up, as above stated, among other matters, that the passage of said ordinance of July 17, 1911, was and will be a violation of the rights of the Gas Company as guaranteed to it by the fourteenth amendment to the Constitution the United States providing that no state shall deprive any person of life, liberty, or property without due process of law, and also of the Constitution of Illinois, section 2 of article 2, and fully setting out the facts upon which said allegations are based.

For the purposes of resisting the motion for a preliminary injunction as above stated, the city of Chicago files a special and limited appearance.

192 F.—26

For the city it is contended that, as between courts having concurrent jurisdiction, the state court, having first acquired jurisdiction of the cause of action and of the subject-matter, has the exclusive right to proceed to a final determination thereof, under the provisions of section 720 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 581).

It will be noted that the parties to the suit of the city in the circuit court and those now before this court have changed places; that no attempt in terms is here made to restrain proceedings in the former case; and that the relief sought, though closely allied, is yet not strictly entirely identical with that asked for in the state court.

[1] The pendency of another suit for the same cause of action in a state court is not per se ground for abatement of the suit here. McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762; Hunt v. N. Y. Cotton Ex., 205 U. S. 322–338, 27 Sup. Ct. 529, 51 L. Ed. 821; Bunker Hill, etc., Co. v. Shoshone Mining Co., 109 Fed. 504, 47 C. C. A. 200; Wadleigh v. Veazie, Fed. Cas. No. 17,031; Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983; Vide, 8 Rose's Notes, page 1010; Gordon v. Gilfoil, 99 U. S. 168, 25 L. Ed. 383; Barber Asphalt Paving Co. v. Morris, 132 Fed. 945, 66 C. C. A. 55, 67 L. R. A. 761.

[2] This court may, therefore, not decline to take jurisdiction of this suit, the ultimate object of which is to ascertain whether the ordinance fixing the price of gas is in fact a taking of property without due process of law, and, if so, to deal with it as such. To this end and for the more effectual disposition of the cause, the court would ordinarily take steps to hold the matter involved in status quo, imposing such conditions as would conserve the rights of both parties to the suit, until they could be ascertained and declared. This principle of law is held subject to the further rule that:

"When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other until its duty is fully performed." Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399; Farmers' Loan & Trust Co. v. Lake St. Elevated R. R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; B. & O. R. R. Co. v. Wabash R. R. Co., 119 Fed. 678, 57 C. C. A. 322.

In Covell v. Heyman, 111 U. S. 176–182, 4 Sup. Ct. 355, 28 L. Ed. 390, the court held that, as between courts of co-ordinate jurisdiction of the same system, forbearance was a principle of comity, but that, as between state courts and the United States Courts, "it is something more. It is a principle of right and of law, and, therefore, of necessity. It leaves nothing to discretion or mere convenience."

[3] In order to thus make effective the relief here sought, complainant now asks the court, as above set out, to enjoin the city in limine from enforcing the said ordinance upon such terms as the court may impose. Substantially, the only question of law presented is whether under the construction given by the courts to section 720 of the Revised Statutes of the United States, which reads:

"Sec. 720. The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

—the state court has so taken possession of the res or subject-matter here involved as to bring the present motion within the terms of the statute. It is complainant's contention that the proceeding is strictly one in personam, in which case the rule does not apply. Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983; Merritt v. American Steel-Barge Company, 79 Fed. 228, 24 C. C. A. 530.

There can be no doubt but that the suit in the state court was instituted and had for its sole purpose the enforcement of the ordinance in question as against the complainant herein. It is equally clear that this suit is brought to restrain the enforcement of that ordinance. There has been no physical res which either party could seize. Under the facts presented herein, there could be no physical res, except the fund measured by the difference between the ordinance price and the 80 cents per 1,000 cubic feet of gas in force when the state suit was instituted, and that had not yet been ascertained or taken into possession by the state court. If the rule is, therefore, to be applied in this case, it must be held to include something more than a physical res. The object of the statute is to assume the orderly administration of justice and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons. Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Covell v. Heyman, supra; Central Nat. Bank v. Stevens, 169 U. S. 459, 18 Sup. Ct. 403, 42 L. Ed. 807; Dillon v. Kansas City S. B. Ry. Co. (C. C.) 43 Fed. 114.

In Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., supra, it is said:

"Nor is this rule (as to possession of res first acquired) restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature, where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected" —citing Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Freeman v. How. supra; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; Central Bank v. Stevens, supra; Harkrader v. Wadley, supra.

In B. & O. R. R. Co. v. Wabash R. R. Co., 119 Fed. 678, 57 C. C. A. 322, the Circuit Court of Appeals for this circuit has said that the court which first obtains possession of the res or of the controversy acquires exclusive jurisdiction for all the purposes of a complete adjudication, and that the rule is limited to actions which deal either actually or potentially with specific property or objects.

In Gates v. Bucki, 53 Fed. 961, 4 C. C. A. 116, Judge Shiras, speaking for the Circuit Court of Appeals for the Eighth Circuit, extends the rule to quasi in rem proceedings.

In Haines et al. v. Carpenter et al., 91 U. S. 254, 23 L. Ed. 345, the court held that the great object of the proceeding in question there was to enjoin and stop litigation in the state courts and to bring all the litigated questions before that court, and adds:

"This is one of the things which the federal courts are expressly prohibited from doing."

Judge Phillips, in Dillon v. Kansas City Suburban Belt R. R. Co. (C. C.) 43 Fed. 109–112, held that the rule applied to cases where the effect of granting an injunction was to stay or prevent the progress of litigation in the state court.

In the case of Merritt v. American Steel-Barge Company, supra, the court says (79 Fed. 232, 24 C. C. A. 534):

"It does not follow, however, that the rule of comity to which we have referred operates to prevent a court from taking jurisdiction of a cause in all cases where a prior suit involving the same issue or issues has been commenced in some other forum, and jurisdiction has been acquired by such other court over the parties litigant. Whether the pendency of a prior suit has such effect depends, as Mr. Justice Miller remarked, in substance in Buck v. Colbath, 3 Wall. 334, 335 [18 L. Ed. 257], upon the character of the prior suit, the nature of the remedy and the relief sought, and the identity of the parties. If the prior action does not deal either actually or potentially with specific property or objects, but is strictly a suit in personam, in which nothing more than a personal judgment is sought, no reason is perceived why a subsequent action may not be brought and maintained in another jurisdiction, although it involves the determination of the same issue or issues on which the right to recover in the first suit depends."

From the foregoing it appears that the action of the complainant in the state court suit invested that court with jurisdiction over the subject-matter involved in said suit, to wit, the enforcement of said ordinance; that, having been instituted prior to the proceedings herein, that jurisdiction attached at a time prior to the filing of the bill and the presentation of the motion for a preliminary injunction herein; that the jurisdiction so acquired invested the state court with full power to adjudicate the rights of the parties to said suit with regard to the ordinance in question; that, while the parties here are reversed, the causes of action are identical in effect and substance; that to grant an injunction here would, if effectual, oust the state court of jurisdiction to proceed further with effect; that it may, and undoubtedly will, be necessary for the state court to take possession of whatever physical res, is, or may hereafter become, involved, in order to dispose of the matters before it; that the bill here, so far as the prayer for the issuance of injunctional relief is concerned, is not a proceeding in personam, but essentially in rem, and well within the purpose of said section 720; that, in the absence of agreement between the two jurisdictions, the granting of the prayer for an injunction in limine must create a conflict between the two jurisdictions contrary to the spirit of the statutes; and that the prayer of the bill in that behalf should not at this time be granted.

Some question is raised as to the necessity of protection against a multiplicity of suits. Counsel for the city in open court agree to consent to the entry of restraining orders in the state court suit to meet that difficulty whenever it arises. If that be done, no reason is perceived why the protection would be less effective than here.

The order of the court will be that the motion for an injunction in limine be not granted at this time, but that the same be denied without prejudice to complainant's right to renew the same should circumstances be disclosed which may justify the intervention of this court.