## CITY OF BEAUMONT v. TEXAS & N. O. R. CO.

(District Court, E. D. Texas, Beaumont Division. January 26, 1924.)

No. 284.

1. Removal of causes ⊜⟹25(1)—Removability determined by allegations in petition.

The question of removability of causes to the federal court is to be determined by the allegations in plaintiff's petition, and the right of the plaintiff to sue cannot depend on the defense which the defendant may choose to set up.

2. Removal of causes ⊜⟹25(1)—When suit arises under Constitution and laws of the United States.

A suit arises under the Constitution and laws of the United States, within the meaning of U. S. Comp. St. § 1010, only when the plaintiff's statement of his own cause shows that it is based on those laws or that Constitution, and not that such laws may be invoked by way of defense, and even though a bill were to show on its face that the relief sought would be inconsistent with the Constitution or some law of the United States, such fact would only demonstrate that the bill could not be maintained at all, and not that the cause of action arose under the Constitution or laws of the United States.

3. Navigable waters ⊜⟹2—Federal control granted by commerce clause of Constitution.

The commerce clause of the federal Constitution grants to the federal government control of the navigable rivers and harbors of the country.

4. Removal of causes ⊜⟹25(1)—Bill held not to set up cause of action arising under Constitution and laws of the United States.

A petition by a city, complaining that bridge of the defendant railroad, maintained within the harbor limits of the city, across the Neches river, a stream lying wholly within the limits of Texas, is a menace and a nuisance, in that it rests on a center pier and impedes navigation of vessels in the channel, and that defendant has obtained no permit for the maintenance of the bridge as required by an ordinance, and praying that the defendant be compelled to abate the nuisance and be restrained from constructing or attempting to construct any bridge, except of a certain type, and that only by permit properly obtained, *held* not to set up a cause of action arising under the Constitution and laws of the United States, so as to give federal District Court jurisdiction on removal, under U. S. Comp. St. § 1010, notwithstanding that the commerce clause of the federal Constitution and Comp. St. §§ 9968, 9975, may be set up in defense.

In Equity. Suit by the City of Beaumont against the Texas & New Orleans Railroad Company, brought in the state court and removed to the federal court. On motion to remand. Motion sustained.

Chas. D. Smith and John C. Jackson, both of Beaumont, Tex., for plaintiff.

F. J. and C. T. Duff, both of Beaumont, Tex., and Baker, Botts, Parker & Garwood and Jules H. Tallichet, all of Houston, Tex., for defendant.

ESTES, District Judge. This suit was filed in the state court, where a petition for removal to this court was denied. The transcript was then filed at a later time with the clerk here, and the jurisdiction of this court is again challenged by a motion to remand.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff's petition complains of a bridge that the defendant maintains within the harbor limits of the city of Beaumont, across the Neches river—a stream lying wholly within the limits of Texas. The complaint is that the bridge as maintained, and as the defendant proposes to reconstruct or rebuild it, is a menace and a nuisance. It is alleged to be near a curve or bend in the river, where a bayou flows into the river, and to rest upon a center pier that has the effect to impede or make unduly difficult the navigation of vessels in the channel. It is claimed that the plaintiff has acquired land on the banks of the river suitable for wharves and docks, both below and above the bridge, and has built docks and warehouses and unloading devices incident to wharf and dock facilities; that business enterprises that depend upon navigation have been established above the bridge; that the maintenance of the pier and the use of a type of bridge requiring a pier interferes with the business of such enterprises, and also interrupts the development of the port. It is also alleged that the river has been improved at vast expense by both the county and the national government, and that a type of bridge adequate for the necessities of the railroad, and without a center or middle pier—a bascule type of bridge—could be employed without obstructing the channel, or making unduly difficult the navigation of boats in the stream.

Another paragraph refers to the authority vested by the Legislature in the municipality of Beaumont to regulate and control the use of the river in question and its tributaries, and fix the rates of wharfage, towage, pilotage, etc., and sets forth an ordinance of the city requiring persons desiring to construct or remodel a bridge or pier, or any other structure in or across the river, to obtain a permit from the city before doing so. It is alleged that the defendant has disregarded the ordinance in question, and proposes to reconstruct or rebuild the bridge without obtaining the permit from the city authorities.

The prayer is:

First, "that on a hearing the middle pier in said river supporting said bridge, and the bridge itself as constructed and operated upon said pier, be declared a public nuisance; second, that the defendant be compelled, by appropriate orders, decrees, and judgments, to immediately abate said nuisance by removing said pier from the channel of said river and cease operating said bridge upon said pier, so that the stream will be open and free to boats and ships navigating the same without danger and menace to life and property, as alleged; third, that upon a hearing of this cause for the abatement of said nuisance, the said defendant, its officers, agents, and employés, be restrained by injunction from constructing or attempting to construct any bridge whatever and of any kind and character across said river within said harbor limits, using said pier or a similar pier as a support to and for any such bridge, and on the hearing of this cause said injunction be made perpetual; fourth, that upon a hearing of this cause for the abatement of said nuisance the said defendant, its officers, agents, and employés, be restrained by injunction from constructing or attempting to construct any bridge of any kind, character, or type across said stream anywhere within said harbor limits, unless and until said defendant first applies for and obtains a permit so to do from the city of Beaumont, as required by the aforesaid ordinance of July 5, 1922, and that on a hearing of this cause said injunction be made perpetual."

The petition for removal is based upon the proposition that the suit is one arising under the laws of the United States. The pertinent allegations are that:

"It is a suit for an injunction restraining and enjoining the defendant from maintaining, erecting, constructing, or reconstructing a certain railroad bridge over one of the navigable waters of the United States, to wit, over the Neches river, near the city of Beaumont, it being claimed and alleged in the petition in said suit that the state of Texas and the city of Beaumont have joint and concurrent power with the government of the United States to control, regulate, and protect commerce and navigation in said navigable stream, and to prevent and prohibit obstructions thereto, and the matter of regulation of crossings over said navigable stream by railroad being regulated by the Constitution and laws of the United States, to wit, by the commerce clause of the Constitution of the United States, and sections 9968 and 9975, both inclusive, of the Compiled Statutes of the United States, regulating the construction, maintenance, and operation of bridges over navigable waters of the United States—it being also claimed and alleged in said petition that the defendant therein, the Texas & New Orleans Railroad Company, your petitioner, was incorporated as a railroad under the laws of the State of Texas; that as such corporation it erected and for many years has maintained a bridge over the Neches river at Beaumont; that in 1922 the city of Beaumont passed an ordinance assuming to regulate the building, maintaining, and repairing of bridges over said river within certain limits; and that by reason of this ordinance your petitioner cannot maintain or repair its said bridge over said Neches river without a permit from the city of Beaumont, contrary to and in disregard of the Constitution and laws of the United States, to wit, the commerce clause of the Constitution of the United States and sections 9968 and 9975, both inclusive, of the Compiled Statutes of the United States, regulating the construction, maintenance, and operation of bridges over navigable waters of the United States."

The removal statute provides that any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, of which the District Courts of the United States are given original jurisdiction, may be removed by the defendants to the District Court of the United States for the proper district. U. S. Comp. Stat. § 1010.

[1, 2] The history of the legislation on the subject and the authorities relating to this statute establish the general proposition that the question of removability is to be determined by the allegations in the plaintiff's petition. Tennessee v. U. & P. Bank, 152 U. S. 460, 14 Sup. Ct. 654, 38 L. Ed. 511. "The right of the plaintiff to sue cannot depend upon the defense which the defendant may choose to set up. His right to sue is anterior to that defense, and must depend on the state of things when the action is brought." Osborn v. Bank of United States, 9 Wheat. 823, 6 L. Ed. 204. A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause shows that it is based upon those laws or that Constitution, and not that such laws may be invoked by way of defense. In re Wisner, 203 U. S. 458, 27 Sup. Ct. 150, 51 L. Ed. 264; Louisville R. Co. v. Mottley, 211 U. S. 149, 29 Sup. Ct. 42, 53 L. Ed. 126. Even though the bill were to show upon its face that the relief sought would be inconsistent with the Constitution or some law of the United States, such fact would only demonstrate that the bill could not be maintained at all, and not that the cause of action arose under the Constitution or United States laws. Arkansas v. Kansas

Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144; Long v. Quinn, 215 Mass. 85, 102 N. E. 348.

[3] The commerce clause of the Constitution grants to the federal government control of the navigable rivers and harbors of the country. United States v. Rio Grande Co., 174 U. S. 703, 19 Sup. Ct. 770, 43 L. Ed. 1136. The statutes passed in execution of that power provide that, where navigable waters lie wholly within a state, the authority to construct a bridge must be obtained from the state, and plans that illustrate the type and character of the bridge must be submitted to the Secretary of War and the Chief Engineer, whose approval makes the structure a lawful one. Barnes' Federal Code, § 9437 (Comp. St. § 9971). If, therefore, the cause of action is predicated on a right given by the Constitution or laws of the United States, the case becomes one of original jurisdiction in this court; but if the federal questions are raised by way of defense, or even if the plaintiff's claim is palpably inconsistent with the provisions of the federal laws, the procedure is through the state courts to the Supreme Court of the United States. Gold Washing Co. v. Keyes, 96 U. S. 202, 24 L. Ed. 656; Postal Co. v. Alabama, 155 U. S. 484, 15 Sup. Ct. 192, 39 L. Ed. 231; Judicial Code, § 237 (Comp. St. § 1214).

From a careful analysis of the petition, I cannot find that any right arising under the Constitution or laws of Congress is asserted. As said by the court in the case of Keyes, infra:

"Nothing was stated from which it could in any manner be inferred that the defendants sought to justify the acts complained of by reason of any such authority."

The substance of the claim is that the maintenance of the bridge in question, or of any bridge at the present location that requires a pier in the center of the stream, is a nuisance, and that no bridge can be lawfully constructed without the assent of the city commission. Such claims are not founded on federal laws. The contention in fact is that they are not related to such laws. It may be true, as the defendant contends—and such is, after all, the basis of its contention of the right to remove this case—that Congress has provided an exclusive method for the determination of the character of structures that may be built across such streams, and that when built in compliance with those statutes they become lawful structures, without regard to municipal ordinances on the subject. Yet such propositions, when applied here, either constitute a defense to the plaintiff's cause of action, or "only demonstrate that the bill could not be maintained at all, and not that the cause of action arose under the Constitution or laws of the United States."

The case of Arkansas v. Kansas Coal Co., supra, illustrates the thought. The trial court decided that the relief prayed for in that case necessarily involved a construction of the interstate commerce clause, as well as the Fourteenth Amendment to the Constitution. But the Supreme Court held that, assuming such to be true from the face of the bill—that is, that the relief would be inconsistent with the federal Constitution—yet such fact demonstrated the insufficiency of the bill, rather than the federal character of the question.

[4] So I have concluded that the bill here does not set up a cause of action arising under the Constitution and laws of the United States, and that therefore this court is without jurisdiction in the premises. It is ordered that the motion to remand be sustained.