## REFIOR v. LANSING DROP FORGE CO. et al.

### No. 9280.

Circuit Court of Appeals, Sixth Circuit.

April 6, 1943.

C. F. Jennings, of Lansing, Mich., and Arthur Fixel, of Detroit, Mich. (Arthur E. Fixel, of Detroit, Mich., and Shields, Ballard, Jennings & Taber, of Lansing, Mich., on the brief), for appellant.

E. O. Jones, of Detroit, Mich. (Cummins & Cummins, of Lansing, Mich., and Dykema, Jones & Wheat, of Detroit, Mich., on the brief), for appellees.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant filed his bill of complaint in the Circuit Court for Ingham County, Michigan, for the purpose of obtaining equitable relief as a minority stockholder of the defendant corporation, charging the majority stockholders with fraud and mismanagement, and seeking equitable relief in respect to certain preferred stock held by the defendant Edward H. Refior. He alleged that in 1935 he filed suit for equitable relief in the District Court of the United States for the Eastern District of Michigan, where it was dismissed without hearing on the merits, but that he never had a purpose to discontinue his attempt to get relief and after the dismissal he caused an appeal to be taken to this court. He now files his bill in the State Court for the purpose of protecting his own rights and the interests of the corporation. Upon the filing of the bill an ex parte order was obtained temporarily restraining the appellees from voting preferred stock and from voting bonuses, salary increases, or dividends.

Upon petition of the defendants the cause was removed to the United States District Court for the Eastern District of

Michigan. The ground for such removal was that the bill of complaint and restraining order "hinder, delay and impede or tend to hinder, delay or impede the decree of the District Court of the United States," and so a federal question is involved under the statutes and laws of the United States. In the District Court a motion by the appellant to remand was overruled, and after hearing upon motion of the appellees for summary judgment, the appellant's bill of complaint was dismissed and the restraining order theretofore entered, dissolved. Although no findings of fact, conclusions of law, or opinion were announced by the District Judge, the motion for judgment alleged that the appellant's bill was founded upon the same allegations as were set forth in the prior proceeding, that the prayers for relief were substantially the same, and that the defendants are entitled to summary judgment under the Rules of Civil Procedure for the District Courts of the United States, specifically Rule 56, 28 U.S.C.A. following section 723c.

The circumstances which led to the dismissal of the bill filed in the District Court in 1935, are fully disclosed in Refior v. Lansing Drop Forge Co., 6 Cir., 124 F.2d 440, and need not here be reviewed. It is sufficient to say that we there affirmed the decree of dismissal based upon the failure of the appellant to prosecute his cause and to comply with the orders of the court, and overruled as unsound, all claims of error therein. A petition to the Supreme Court for certiorari was denied, 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746. The decree of dismissal had been "with prejudice". Rule 41(b) of the Federal Rules of Civil Procedure, provides that "unless the court in its order for dismissal otherwise specifies * * * under this subdivision and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits." In affirming the decree we recognized it as such not only under the terms of the rule but under the settled practices of courts of equity.

Primarily, consideration must be given to the question of removability. The right to remove the cause from the Ingham County Circuit Court to the District Court, was not grounded upon diversity of citizenship since the individual defendants are residents of Michigan, and the Drop Forge Company a Michigan corporation, but upon the presence in the suit of a federal question. Section 71 of the Judicial Code, Title 28, reads in part as follows:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district."

Our problem is to determine whether the suit brought in the State Court arises under the Constitution or laws of the United States. The appellees contend that it is such a suit because it is a collateral attack upon a decree of a court of the United States since all of the allegations of the bill and the legal issues resulting therefrom were involved in the prior proceeding and the decree was final as to such issues; that such collateral attack would inevitably result in conflict between the State and Federal Courts, if the State Court were to arrive at a different result than had been arrived at in the Federal Court; and that the appellant, in filing his bill, is in contempt of the Federal Court which had already effectually disposed of all of the issues raised by his bill of complaint in the State Court. We give no consideration to the appellant's contention that the District Court decree lacked finality at the time his bill was filed in the State Court, because there was still pending before us a petition for rehearing, and upon its denial a petition to the Supreme Court for certiorari was still available to him. It is a well-settled rule of the Federal Courts, that a judgment or decree will operate as res judicata or as estoppel, notwithstanding an appeal, unless the proceeding on review is a trial de novo. Kansas Pacific Railway Company v. Twombly, 100 U.S. 78, 25 L.Ed. 550; Straus v. American Publishers' Association, 2 Cir., 201 F. 306; Roberts v. Anderson, 10 Cir., 66 F.2d 874; E. I. Du Pont de Nemours & Co. v. Richmond Guano Co., 4 Cir., 297 F. 580.

In support of removability the appellees rely upon Cornue v. Ingersoll, 1 Cir., 176 F. 194; South Dakota Central Railway Co. v. Continental & Commercial Trust & Savings Bank, 8 Cir., 255 F. 941; Torquay Corp. v. Radio Corp. of America, D.C.S.D. N.Y., 2 F.Supp. 841–843. In the Cornue case there was involved a lien upon the de-

fendant's property, established by a decision of the United States Supreme Court, Ingersoll v. Coram, 211 U.S. 335, 29 S.Ct. 92, 53 L.Ed. 208, and it was held that the earlier suit was quasi in rem, hence the plaintiff's remedy was limited to an application to the court which assumed to decide the question, and that for him to sue in the State Court was to be in contempt of the Federal Court, and the decision in the Torquay case was in reliance upon that in Cornue v. Ingersoll, supra. Straus v. American Publishers' Association, supra, did not involve removal proceedings, and Julian v. Central Trust Co., 193 U.S. 93, 24 S.Ct. 399, 48 L. Ed. 629; Wabash Railroad v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379, and Smith v. Missouri Pacific R. R. Co., 8 Cir., 266 F. 653, all involved collateral attacks upon title to the property of a bankrupt under the control of the Federal Court. McClelland v. Rose, 5 Cir., 247 F. 721, involved a similar question with regard to the estate of a deceased testator.

■ It has long been the rule that possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons. The cases are legion and need not be catalogued. They are sufficiently reviewed in Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

■ It does not follow, however, that the rule prevents a court from taking jurisdiction of a cause in all cases where a prior suit involving the same issues has been commenced in some other forum, and jurisdiction has been acquired by such other court over the parties litigant. Whether the pendency of a prior suit has such effect depends upon its character, the nature of the remedy and the relief sought and the identity of the parties. If it is strictly in personam, in which nothing more than a personal judgment is sought, there is no reason why a subsequent action may not be brought and maintained in another jurisdiction, although it involves the determination of the same issue or issues on which the right to recover in the first suit depends. The bringing of such suit, under the cir-

cumstances supposed, does not oust the court in which the first suit was instituted of its jurisdiction, or delay or obstruct it in the exercise of its jurisdiction, or lead to a conflict of authority, where each court acts in accordance with well-established rules of law. Merritt v. American Steel-Barge Co., 8 Cir., 79 F. 228; Baltimore & Ohio R. R. v. Wabash R. R. Co., 7 Cir., 119 F. 678; Stanton v. Embrey, 93 U.S. 548, 23 L.Ed. 983; Kline v. Burke Construction Co., supra.

While these principles are well understood they do not necessarily reach a situation where suit has been commenced upon the same controversy in one court after a judgment or decree has already been entered thereon in another, yet it has been said "Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, *either before or after judgment,* although the same issues are to be tried and determined; and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law." Baltimore & Ohio R. R. Co. v. Wabash R. R. Co., supra [119 F. 680], and this language is quoted with approval by the Supreme Court in Kline v. Burke Construction Co., supra.

It is true that in neither of the above cited causes was there a judgment in the first suit when the second was brought. Notwithstanding this, however, it would seem that the reasoning applies equally in both classes of cases. When similar suits are pending in two independent jurisdictions, it is expected that one will proceed to judgment before the other, and in such case if prosecution of the second suit will not in any way impair the jurisdiction of the court first taking cognizance of the controversy before judgment, it is not clear in what respect it will interfere with it after judgment is rendered. As was said in Merritt v. American Steel-Barge Co., supra [79 F. 232], "Although a judgment may be rendered in the second suit before the first suit is tried, and may be pleaded in bar in the latter suit because the issue and the parties to the two suits are the same, yet it has never been supposed that the fact that a judgment of another court is offered in evidence to conclude the parties on a given issue or issues either defeats or im-

pairs its jurisdiction, or has any necessary tendency to occasion a conflict of authority."

While no federal case has been found denying removability of a suit in the State Court begun there after judgment in the Federal Courts upon the same issues, the Supreme Court of Massachusetts in Long v. Quinn Bros., 215 Mass. 85, 102 N.E. 348, upheld denial of a motion to remove to the Federal Court on the ground that if the question had been really settled by the federal decision it could be pleaded in the State Court as res judicata, a decision cited with approval in City of Beaumont v. Texas & N. O. R., D.C.Tex., 296 F. 523. In Insurance Co. v. Harris, 97 U.S. 331, 336, 24 L.Ed. 959, two causes involving the same issues were pending, one in the United States District Court for the District of Maryland, and the other in the Supreme Court of New York. An order had been made by the New York court on the bill of interpleader which would prevent a recovery against the insurance company in the suit pending in the District of Maryland inasmuch as that order had been made before the latter suit was brought to trial. The court held it to be "perfectly immaterial whether the New York court first obtained jurisdiction of the subject and the parties."

■ Coming back then to our first question, and seeking to determine whether the suit brought in the State Court arises under the Constitution or laws of the United States, it would seem, upon the reasoning of the cited cases, that if a suit brought in the State Court before judgment in a like suit in the Federal Court neither defeats nor impairs the jurisdiction of that court nor has any necessary tendency to occasion a conflict of authority, a like suit after judgment equally fails to do so, and no question therein arises under the Constitution or laws of the United States. This must be so where the Federal Court judgment is merely one of dismissal on the merits and commands no affirmative relief upon which process may issue. As to whether a different rule should apply in case of judgments to be enforced by execution, we have no occasion to consider or decide. The present appellees have their judgment. Its effect is to deny the plaintiff the relief prayed for in the District Court.

If sued elsewhere upon the same cause of action by the same plaintiffs, the judgment may be pleaded in bar. This the appellees undertook to do in the District Court. The plea was equally available to them in the State Court. We may not assume that the State Court would decide the issue except according to law, and until there be conflict of decision, now wholly speculative, no federal question is involved. Should there be, the appellees would have their remedy by another route to decision. It is not without importance that in the recently decided case of Mandeville, Trustee v. Canterbury, February 1, 1943, 63 S.Ct. 472, 473, 87 L.Ed. ——, the court said: "But where the judgment sought is strictly in personam for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation at least until judgment is obtained in one court, which may be set up as res judicata in the other."

■ There remains the circumstance that the Federal Court had denied a restraining order while the State Court had granted one, and so apparently a conflict appears. But the restraining order of the State Court was temporary and granted ex parte. The conflict is apparent and not real. The appellant's bill had failed to disclose that the federal judgment of dismissal was with prejudice and had the effect of a judgment on the merits. The cause was removed, as it only could have been, before the defendants answered and therefore before they pleaded or could have pleaded res judicata or estoppel by judgment. We may not assume that upon receiving such plea the State Court would have continued its temporary restraining order, or have made it permanent.

In the light of this discussion, and with consideration to the traditional care with which Federal Courts have, from the beginning, guarded the limits of their jurisdiction, we are forced to the conclusion that the District Judge should have granted the motion to remand. Concluding that he lacked jurisdiction to entertain the controversy it becomes unnecessary to consider the meritorious questions involved.

Reversed and remanded with instructions to grant the motion to remand.