[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 27, 1996
The plaintiff, Merwin Voris, the Executor of the Estate of Ruth Wiltse (Wiltse), commenced this action by complaint dated, February 1, 1996, seeking to recover from the defendant, Theresa Loomis (Loomis), certain items of personal property owned by Wiltse prior to her death. Although it is Loomis' position that she obtained the items by a valid inter vivos gift from Wiltse, Voris maintains that the items were wrongfully taken from Wiltse.
On March 25, 1996, Loomis filed a motion to dismiss on the ground that there is an identical action pending in another jurisdiction, namely, the District Court for the Northern District of Georgia (Georgia action). The action was filed in July, 1995, by Loomis against Voris, in his administrative capacity, in the Superior Court of Gwinnett County, Georgia, and was subsequently removed by Voris to the District Court for the Northern District of Georgia. In the Georgia action, Loomis seeks a declaration of the parties' rights to the various items of personal property.
Loomis argues that the two actions seek essentially identical relief, and asks that this court dismiss this action since it was filed approximately seven months after the initiation of the Georgia action. Voris filed a memorandum in opposition to the motion to dismiss, arguing that the prior pending action doctrine does not apply where the two actions are pending in different jurisdictions.
Although the prior pending action rule does not truly implicate the subject matter jurisdiction of the court, a motion to dismiss is the proper device by which to request that the trial court dismiss the second action. "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction . . . The rule forbidding the second action is not, however, one of unbending CT Page 5010 rigor, nor of universal application, nor a principal of absolute law." (Citations omitted; internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652-53.
Although the court in Halpern stated that suits must be pending "in the same jurisdiction" for the prior pending action rule to be applicable, the rule appears to be different when the action is an in rem action.[1] The United States Supreme Court, in Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79,67 L.Ed. 226 (1922), stated: "It is settled that when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted . . . The rule islimited to actions which deal either actually or potentially withspecific property or objects. Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined . . ." (Emphasis added.)Kline v. Burke Construction Co., supra, 260 U.S. 231-32, quotingBaltimore Ohio R.R. v. Wabash R.R., 119 F. 680 (7th Cir. 1902). The rule enunciated in Kline has been reaffirmed by subsequent Supreme Court decisions. See, e.g., Princess Lida of Thurn andTaxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285
(1939); Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189,55 S.Ct. 386, 79 L.Ed. 850 (1935). See also 1 Am.Jur.2d, Abatement § 17 (1994). It has also been recognized in the Second Circuit, although no Connecticut Supreme Court case could be found in which the rule was explicitly discussed. See Fergusonv. Tabah, 288 F.2d 665, 671 (2d Cir. 1961); In re Liberatore,574 F.2d 78, 88-89 (2d Cir. 1978).
Accordingly, the pertinent inquiry becomes whether the action pending in the District Court in Georgia can be termed "in rem" or "quasi in rem"; if so, it appears that the federal court, having first acquired jurisdiction, has exclusive jurisdiction and the instant action must be dismissed.
Jurisdiction in rem is defined as the "[p]ower of a court over a thing so that its judgment is valid as against the rights of every person in the thing." Black's Law Dictionary, p. 854 (6th Ed. 1990). Quasi in rem jurisdiction, on the other hand, is defined as "[t]he power of a court over the defendant's interest in property, real or personal, within the geographical limits of CT Page 5011 the court. The court's judgment or decree binds only the defendant's interest and not the whole world[,] as in the case of jurisdiction in rem." Black's Law Dictionary, p. 854 (6th Ed. 1990). Put another way: "A proceeding quasi in rem has been characterized as an in rem action which affects only the interests of particular persons in a certain thing." 1 Am.Jur.2d 745-46, Actions § 35 (1994).
The Georgia action is a quasi in rem action since Loomis seeks to establish her right, as against Voris, to the specific items of personal property allegedly given to her by Wiltse, which items are currently in her possession in Georgia. Accordingly, the Georgia court has jurisdiction over the res of the action, "to the exclusion" of this court; Kline v. BurkeConstruction Co., supra, 260 U.S. 231-32; and Loomis' motion to dismiss is, accordingly, granted.
Moraghan, J.